**David Lee SAMMONS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 68–H–357.**

United States District Court
S. D. Texas,
Houston Division.

June 3, 1968.

David Lee Sammons, pro se.

James R. Gough, Asst. U. S. Atty., for defendant.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Petitioner, a federal prisoner, has filed this motion to vacate his sentence pursuant to 28 U.S.C. Section 2255. He was granted leave to file the motion and allowed to proceed in forma pauperis by order of the court on April 22, 1968.

On April 2, 1962, petitioner appeared before this court for arraignment on a one count indictment charging him with a violation of 18 U.S.C. Section 2312, interstate transportation of a stolen motor vehicle. At his arraignment, petitioner was told that he was entitled to have counsel appointed to represent him at every stage of the proceedings. However, he chose to waive his right to counsel and signed a written waiver. Thereupon he pled guilty and the court found him guilty on his plea of guilty.

Subsequently, on April 12, 1962, petitioner was brought before the court for sentencing. He was sentenced to five years imprisonment, with imposition of sentence suspended, and placed on probation for a period of five years with strict supervision. In December 1962, petitioner was charged by state authorities with attempted robbery. While in jail for this offense, he contacted federal authorities and asked that his probation be revoked at that time rather than some uncertain future date. On March 7, 1963, in compliance with his request, he was brought before this court for a probation revocation hearing. At this time he was not

informed of a right to have counsel appointed. He admitted the state charge and his probation was revoked and he was ordered to serve the five year sentence he had received the year before. However, he was not released by state authorities until May 1967, and was not delivered to federal authorities until that time.

In his present motion, petitioner attacks his sentence on the sole ground that he was not informed of his right to counsel at the probation revocation hearing. In support of his position, he cites Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). The United States has answered, claiming that Mempa is distinguishable from the case at bar. After careful analysis of Mempa, I find that the position of the United States is correct and that petitioner's motion must be denied.

In Mempa, Mr. Justice Marshall, after reviewing earlier decisions of the Court, stated, " * * * that appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." 389 U.S. at 134, 88 S.Ct. at 257. While this language lends some support to petitioner's claim for relief, it was not the holding of the case. See United States v. Hartsell, 277 F.Supp. 993 (E.D.Tenn. 1967).

The lower federal courts have long held that the constitutional right to assistance of counsel in the defense of a criminal prosecution, given by the Sixth Amendment, does not apply to a hearing on a motion to revoke probation. Welsh v. United States, 348 F.2d 885 (6th Cir. 1965); Bennett v. United States, 158 F.2d 412 (8th Cir. 1947), cert. denied, 331 U.S. 822, 67 S.Ct. 1302, 91 L.Ed. 1838 (1947). Although afforded several opportunities [e. g. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950)] to overrule this rule, the Supreme Court, by denials of certiorari, has allowed it to stand. The question is then,

whether the decision in Mempa has overruled these cases. The situation in Mempa was essentially a deferred sentencing. The opening remarks of the court stated, "These consolidated cases raise the question of the extent of the right to counsel *at the time of sentencing* where the sentencing has been deferred subject to probation." 389 U.S. at 130, 88 S.Ct. at 254. (Emphasis added). In the State of Washington where the Mempa case arose, it was the sentencing itself that was deferred. Here, it is merely the imposition of sentence that is deferred. Thus, the holding in Mempa, that an indigent is entitled to counsel at sentencing, whether deferred or otherwise, is not controlling here. The Court stated that its previous opinions, Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed. 2d 167 (1957), and Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), when examined with Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), stand for the proposition that appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected. That sentencing is such a stage is no longer open to doubt. Townsend v. Burke, supra, Martin v. United States, 182 F.2d 225, 20 A.L.R.2d 1236 (5th Cir. 1950).

The revocation hearing here was not such a stage of the criminal proceeding. At his arraignment and sentencing, petitioner was carefully warned of his right to counsel at every stage of the proceedings against him. He acknowledged this warning and specifically waived his right to counsel in writing. Then, when less than a year later he was arrested and charged by state authorities, and realizing that his probation would be revoked sooner or later, he requested an early revocation hearing himself. At the hearing he admitted the offense charged

by the state, and probation was revoked.[1] Under these circumstances, I find that this revocation hearing was not "such a stage of the criminal proceeding where substantial rights of the criminal accused" were affected adversely. The failure to offer counsel to petitioner at this hearing did not prejudice his constitutional rights in any manner. Sentencing had been completed the year before and *Townsend, Martin* and *Mempa,* supra, have no application.[2]

Therefore, it is ordered that petitioner's motion to vacate be denied. This cause is hereby dismissed.

The Clerk shall file this Memorandum and Order and send copies to petitioner and counsel for the government.

---

1. Unlike *Mempa,* where the defendant was never brought to trial for the offenses which were the basis of his revocation,

Sammons was convicted and has now finished his state sentence.

2. Cf. Rose v. Haskins, 388 F.2d 91 (6th Cir. 1968).