Larry James SANDERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42532.

Court of Criminal Appeals of Texas.

Jan. 21, 1970.

Rehearing Denied March 18, 1970.

Jack Garrett, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., and Ben H. Tompkins, Rufus J. Adcock, Ronald W. Quillin and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault with a firearm; the punishment, 75 years.

■ In his first three grounds of error appellant complains of the admission into evidence of two extraneous offenses of robbery occurring on the same date as the instant offense. Such evidence was offered to rebut the defensive theory that he was under a psychomotor seizure at the time of the robbery for which he was on trial.

These same grounds of error were advanced by appellant in Sanders v. State, Tex.Cr.App., 449 S.W.2d 262. The admission of the extraneous offenses in the case at bar occurred in the same or in a similar manner as in that case. For the reasons set forth in that opinion we overruled appellant's first three grounds of error.

■ Next, appellant urges "the court erred in permitting two lay witnesses to testify that, in their opinion, he was sane, there being no predicate laid and the witnesses having no opportunity to observe him for any length of time."

Appellant cites no authority nor offers any argument in support thereof. Neither does he call our attention to the witnesses to which he has reference. The two appear to be the victim of the instant robbery who had previously worked in a United States Public Health Hospital and who observed appellant for over five minutes and appellant's companion at the time of said robbery who had known appellant as long as he could remember. No objection was offered to the testimony of either witness on this subject.

It is well established that a properly qualified non-expert witness may express an opinion whether the accused knows right from wrong. Fuller v. State, Tex. Cr.App., 423 S.W.2d 924, 928.

Further, in Wenck v. State, 156 Tex.Cr. R. 50, 238 S.W.2d 793, this Court said:

"Before a layman may testify that a party is insane, he must give some act, omission or peculiarity upon which the opinion is formed, but no such predicate is required to make admissible his conclusion that a party is sane. See Walthall v. State, 144 Tex.Cr.R. 585, 165 S. W.2d 184.

"In Langhorn v. State, 105 Tex.Cr.R. 470, 289 S.W. 57, the rule regarding the predicate for such non-expert opinions was discussed, and this court held that though no exact rule could be laid down, and the qualifications of the witness to express an opinion on a party's sanity or insanity must be left largely to the discretion of the trial court; that if a witness testified to actual personal conversations with and observations of the party whose sanity is under investigation, he may be allowed to express his opinion."

Ground of error #4 is overruled.

In his fifth ground of error appellant complains of the trial court's action in overruling his motion for new trial predicated on the foregoing four grounds of error. It is without merit.

Ground of error #5 is overruled.

The judgment is affirmed.