**Alvin Ray TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45524.**

Court of Criminal Appeals of Texas.

July 12, 1972.

Tipton, Bishop & Company by William D. Tipton, Houston (appointed counsel on appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jim Skelton, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

The record reflects that appellant entered a plea of guilty to the offense of Sodomy on April 7, 1969; his punishment was assessed at five (5) years, and he was placed on probation. No appeal was taken from that conviction. See Article 42.12, Vernon's Ann.C.C.P.

One of the conditions of probation was that he "commit no offenses against the laws of this or any other State or the United States."

At a hearing on March 26, 1970, the appellant's probation was revoked on proof in support of the State's motion which alleged that appellant committed the offense of shoplifting.

Appellant's two contentions on appeal are that the original conviction for Sodomy is void [1] because the statute is unconstitutional and that the second count of the indictment charging the said offense was vague and indefinite.

---

[1]. This Court has held that Article 524, Vernon's Ann.P.C. is not unconstitutional. Pruett v. State, 463 S.W.2d 191.

This is a collateral attack on the judgment on which probation was granted and is without merit. It has long been the rule in this State that the appellant may not rely upon errors which allegedly occurred at his original trial on an appeal from his revocation of probation. Carnes v. State, 478 S.W.2d 940 (Tex.Cr.App.1972); Hungerford v. State, 474 S.W.2d 242 (Tex.Cr.App.1971); McAlpine v. State, 462 S.W.2d 315 (Tex.Cr.App.1971); Higdon v. State, 436 S.W.2d 541 (Tex.Cr.App.1968); Hoskins v. State, 425 S.W.2d 825 (Tex.Cr.App.1967); Campbell v. State, 420 S.W.2d 715 (Tex.Cr.App.1967).

The judgment is affirmed.