**Curtis NEALY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47508.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Frank L. King, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and William P. Gipson, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an out of time appeal[1] granted from an order revoking probation.

---

1. At an evidentiary hearing held on December 14, 1972, the trial court found that good cause existed for permitting late notice of appeal and appointed counsel for indigent appellant for the appeal. We agree that good cause exists for the granting of the out of time appeal. Art. 44.08(e), Vernon's Ann.C.C.P.; Reed v. State, Tex.Cr.App., 487 S.W.2d 78.

On May 4, 1971, the appellant was found guilty by a jury of the offense of robbery by firearms. The punishment was assessed at ten years, but the imposition of sentence was suspended and the appellant placed on probation subject to certain terms and conditions of probation. One of the terms of appellant's probation was that he commit no offense against the laws of this or any other state or the United States. Other terms of probation were that appellant make restitution, pay court costs and pay adult probation fees of specified amounts in monthly instalments.

On June 9, 1972, the State filed an application to revoke appellant's probation alleging the following:

"That after having heretofore been placed on probation, Probationer did in violation of the Federal Gun Control Act 1968, Section 922(a)(6) knowingly make false representation to a licensed dealer in the acquisition of a firearm as follows: that the said Curtis Nealy did on the 3rd day of December, 1972 (sic)[2] fraudulently represent to Alfred J. Caviel a licensed firearm dealer that he had never been convicted of a felony when in fact he was on probation in the above entitled and numbered cause when said representation was made for the purpose of acquiring a firearm as required by the Federal Gun Control Act 1968.

"Probationer is delinquent in the amount of $105.00 in payment of restitution as ordered by the judgment of the Court.

"Probationer is delinquent in the amount of $15.00 in payment of Court Costs as ordered by the judgment of the Court.

"Probationer is delinquent in the amount of $35.00 in payment of Adult Probation fees as ordered by the judgment of the Court."

On August 30, 1972, the court conducted a hearing and upon the evidence found that appellant had violated each and all of the conditions of probation alleged in the State's motion, and revoked appellant's probation and sentenced him to a term of not less than five (5) years nor more than ten (10) years confinement.

Appellant contends in his initial ground of error that "the district court abused its discretion in revoking appellant's probation on the ground that appellant falsely, in violation of the Federal Gun Control Act of 1968, 18 U.S.C., § 922(a)(6) (1968), stated that he had not been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, because appellant had not been convicted of such a crime at the time he made the statement in question."

Appellant argues that the State has not shown that he was sentenced at a prior proceeding and, absent such a sentence, there was no final conviction. Consequently, appellant contends he did not make a false statement to a firearms dealer in violation of 18 U.S.C. § 922(a)(6).

Appellant relies on two propositions to support his argument. The first is that in order to enhance punishment in a subsequent case, the prior convictions must be final. He contends that in a case where probation is granted there is no conviction since there is no sentence. He cites as his authorities Botley v. State, Tex.Cr.App., 467 S.W.2d 267, and White v. State, 171 Tex.Cr.R. 683, 353 S.W.2d 229. Secondly, appellant relies on the fact that an appeal can be dismissed by the appellate court unless sentence has been pronounced before the appeal is taken, citing Clemons v. State, Tex.Cr.App., 414 S.W.2d 940; Black v. State, Tex.Cr.App., 473 S.W.2d 469.[3]

2. The record reflects that this date is incorrect. Appellant purchased the gun and made the allegedly false representation on December 3, 1971. Appellant filed no motion to quash the State's application to revoke, and raised no question of variance as to the evidence.

3. Article 42.04, V.A.C.C.P., authorizes appeal in probated cases without the necessity of imposition of sentence.

The aforementioned propositions, while true, are not applicable in the instant case and appellant's reliance upon them is misplaced because the cases cited by appellant were not cases in which sentence had been suspended and the defendant placed on probation pursuant to Article 42.12, V.A.C.C.P.

Probation is defined in the Adult Probation and Parole Law [4] as " . . . the release of a *convicted* (emphasis added) defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended." Further, judges of the courts of the State of Texas having original jurisdiction of criminal actions have the power to suspend the imposition of the sentence and place a defendant on probation, after *conviction* (emphasis added) or plea of guilty for any crime or offense where the maximum punishment assessed against the defendant does not exceed ten years imprisonment and the ends of justice and the best interest of the public and the defendant will be subserved.[5]

■ The judge or jury may grant probation only after conviction. Article 42.12, Sec. 3, Vernon's Ann.C.C.P.; Article 42.12, Sec. 3a, supra. When the probation is granted only the imposition of the sentence is now suspended. See special commentary by Judge Onion on Article 42.12, V.A.C.C.P. Thus, the Adult Probation and Parole Law affects sentencing only, not conviction.

The Federal Gun Control Act of 1968, 18 U.S.C., Section 922(h)(1) 1968 makes it unlawful for any person to possess a firearm if he has been convicted of a crime punishable by a term exceeding one (1) year.[6]

4. Article 42.12, Sec. 2b, V.A.C.C.P.

5. Article 42.12, Sec. 3, V.A.C.C.P. See also Article IV, Section 11A, Vernon's Ann.St. Texas State Constitution.

6. "It shall be unlawful for any person—who is under indictment for, or who has been

■ Appellant was convicted of the offense of robbery by firearms. The punishment was assessed at ten (10) years. The judge suspended only the imposition of the sentence and granted appellant probation subject to specified terms and conditions. To narrowly equate the term "convicted" with a final judgment of conviction thereafter entered would clearly frustrate the congressional purpose, evidenced, inter alia, by the very fact that a firearm may not be sold by a licensed dealer to a person under indictment. United States v. Rosenstengel, 323 F.Supp. 499 (D.C., 1971).

Appellant's first ground of error is overruled.

■ Appellant contends in his second ground of error that there was no evidence that appellant knowingly made a false statement with regard to any fact material to the lawfulness of the sale of the firearm to appellant.

Mr. Caviel, a licensed gun dealer, who sold the gun to appellant, testified on direct examination that he filled in the blanks in the document designated as the Firearms Transaction Record, after Curtis Nealy furnished him the information requested. Caviel specifically testified that he wrote the answer "No" to the question "Have you been convicted in any court of a crime punishable by a term exceeding one year?" after appellant told him to do so.

During his testimony on cross-examination, appellant read from a written statement he had made to a Federal Treasury Agent as follows:

"In December, 1971, I went to Caviel's Pharmacy on Avenue A, Lubbock, Texas, and purchased a .25 caliber automatic pistol. The man at the pharmacy asked

convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

me for my driver's license and filled out a form from my license. He asked me questions listed on this form and if I had been convicted of a felony. I answered no to all the questions, signed the form and he gave me the gun."

Appellant testified that Caviel did not specifically ask him if he had ever been convicted of a crime punishable by a term exceeding one year, but only asked if he had been convicted of a "federal" offense and whether he was in "any trouble." Irrespective of appellant's denial, the record reflects that the Firearms Transaction Record which contained a certification that the answers contained therein were true and correct and an acknowledgment that a false statement with respect to the transaction constituted a felony was signed by appellant and admitted in evidence without objection. The aforementioned statement to the Treasury Officer was admitted without objection.

The evidence before the trial court created a fact issue as to whether appellant did violate his order of probation in the respects alleged in the State's motion to revoke. The court decided the issue against appellant.

We find no abuse of discretion by the trial court.

Appellant's second ground of error is overruled.

Appellant's third ground of error claims an abuse of discretion in revoking appellant's probation on the ground that appellant was delinquent in the payment of restitution, court costs, and adult probation fees.

■ While the evidence of appellant's ability to pay court costs, adult probation fees and restitution and his intentional failure to pay the aforementioned fees is inconclusive, we need not consider appellant's third ground of error because there is ample evidence to indicate that appellant violated a law of the United States con-

trary to the terms of probation. We conclude, therefore, that the court did not abuse its discretion in revoking probation. See Hardison v. State, Tex.Cr.App., 450 S.W.2d 638.

The judgment is affirmed.

Opinion approved by the Court.