**Ex parte Larry James SANDERS.**

**No. 60221.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 24, 1979.

---

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Petitioner seeks relief under a post-conviction writ of habeas corpus brought under the provisions of Art. 11.07, V.A.C.C.P. Petitioner was convicted of the offense of robbery in Cause No. 76734 in Criminal District Court No. 3 of Tarrant County. Punishment, enhanced by a prior felony conviction of like character, was life (See Art. 62 of the former Penal Code).

On original submission, the panel concluded that at the time petitioner's prior conviction (made final at a revocation of probation proceeding) was proved at his robbery trial, the denial of counsel at a probation revocation hearing had not yet been established as a defect of constitutional magnitude and that his failure to object to its introduction did not constitute waiver. The panel found that our opinion in *Crawford v. State*, 435 S.W.2d 148 (Tex.Cr.App.), making the right to counsel at a revocation hearing retroactive being delivered 13 days prior to petitioner's trial was not enough time to put petitioner's counsel on notice that a valid objection existed to the use of the prior conviction for enhancement and, hence, there should be no waiver of a right that was unknown.

Failure to object to proof of a void conviction has been held to constitute waiver. *Ex parte Gill*, 509 S.W.2d 357 (Tex.Cr. App.). Where the defect which renders the conviction void has not been established as a defect of constitutional magnitude the failure of counsel to object does not constitute waiver. *Ex parte Casarez*, 508 S.W.2d 620 (Tex.Cr.App.); *Ex parte Taylor*, 484 S.W.2d 748 (Tex.Cr.App.).

In its Motion for Rehearing, the State contends that the panel opinion erroneously placed the burden of proof upon the State. Specifically, the State complains of the following portion of the original opinion:

". . . A waiver of constitutional rights will not be lightly inferred, and courts will indulge every reasonable presumption against the waiver of funda-

mental constitutional rights. *Johnson v. Zerbst*, 304 U.S. 458 [, 58 S.Ct. 1019, 82 L.Ed. 1461] (1938). In cases involving the right to counsel, a heavy burden rests on the prosecution to show an intelligent, knowing, and voluntary waiver. *Miranda v. Arizona*, 384 U.S. 436 [, 86 S.Ct. 1602, 16 L.Ed.2d 694] (1966). *Here the State offered no proof that the applicant or his counsel knew of a valid objection and waived it.* Given the particular time sequence involved, we will not hold that the applicant waived his right to object to proof of the void prior conviction."

■ We have held that in a habeas corpus action the petitioner has the burden of proof. *See, Ex parte Rains*, 555 S.W.2d 478 (Tex.Cr.App.); *Ex parte Clark*, 537 S.W.2d 40 (Tex.Cr.App.). We conclude that in the instant cause petitioner had the burden of proving why his failure to object to the use of the prior conviction did not constitute a waiver. No such proof was offered at the evidentiary hearing held in the trial court. The panel found that because of the time sequence involved, petitioner was excused from voicing an objection.

In *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 it was held that the appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of the accused may be affected and that such a stage includes a proceeding for revocation of probation. The opinion in *Mempa* was delivered by the Supreme Court on November 13, 1967. Thus, this opinion was delivered approximately 13 months before petitioner's trial at which the void prior conviction was used for enhancement.

In *McConnell v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 the Supreme Court held that its decision in *Mempa v. Rhay*, supra, was to be given full retroactive application. The opinion in *McConnell* was delivered on

October 14, 1968, approximately two months before petitioner's trial.

Our original opinion in *Crawford v. State*, supra, holding that *Mempa v. Rhay* was not to be applied retroactively was delivered on September 16, 1968. On November 27, 1968, the opinion on Appellant's Motion for Rehearing in *Crawford v. State*, supra, recognized that *Mempa v. Rhay*, supra, was to be given retroactive application. The opinion on rehearing was delivered almost two weeks prior to petitioner's trial.[1]

■ We hold that petitioner's failure to object when the complained of prior conviction was offered into evidence constituted a waiver of the claimed right.

The State's Motion for Rehearing is granted and the relief sought by petitioner is denied.

CLINTON, Judge, dissenting.

In per curiam opinion delivered February 28, 1978 in this very case the Court ordered the trial court to hold a habeas corpus evidentiary hearing. To the argument of the State that Sanders "was not constitutionally entitled to counsel during the probation revocation proceedings in 1965," the Court wrote:

"We further note that at the time of petitioner's conviction in 1968, the law as to whether defendants were entitled to counsel during probation revocation proceedings was *so unsettled*[1] as to hold that there was an intentional and knowing waiver of this contention due to trial counsel's failure to object. See *Ex parte Casarez*, 508 S.W.2d 620 (Tex.Cr.App. 1974). We are, therefore, of the opinion that petitioner's application states facts which, if true, may entitle him to relief. · · ·"

Essentially the same facts remain before us after the evidentiary hearing and its record,

---

1. We note that since January 1, 1966, V.A.C.C.P. Art. 42.12, Sec. 3b, has provided for the appointment of counsel for an indigent probationer at a revocation hearing. Although this Article became effective some six months after petitioner's probation was revoked in his prior conviction, it had been in effect some three

years at the time the void prior conviction was used for enhancement.

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

with findings of fact and order below, was recertified and transmitted to the Court. Why, then, is our applicant not entitled to relief today—just as the Court said he was almost two years ago? The majority must believe that things have changed for the better since their February 28, 1978 appraisal of the situation. But they have not and because they have not, I respectfully dissent and, in doing so, propose to demonstrate that failure of trial counsel to object to admission of the prior conviction cannot reasonably constitute an intentional and knowing waiver of the contention now made.

June 3, 1964, analogizing it to an earlier holding that a probationer is not entitled to a jury trial on the issues of revocation, the Court held in *Ex parte Crawford*, 379 S.W.2d 663 (Tex.Cr.App.1964) that an indigent probationer was neither entitled to an appointed counsel during revocation proceedings. Perhaps in response to *Crawford*, Article 42.12, § 3b, V.A.C.C.P., effective January 1, 1966, mandated appointment of counsel upon request.[2] However, the Court refused to find the requirement was to be applied retroactively, holding that *Crawford* "still applies to hearing on motions to revoke probation held prior to January 1, 1966," *Ex parte Williams*, 414 S.W.2d 472, 474 (Tex.Cr.App.1967). The view was reaffirmed in *Ex parte McCarter*, 415 S.W.2d 409, 411 (Tex.Cr.App.1967), and there the Court also pointed out the distinction between initial suspension of imposition of sentence and suspension of execution of an imposed sentence when one is placed on probation,[3] noting that the 1965 Code of Criminal Procedure provided *only* for suspension of imposition of sentence when probation is granted.

Decided November 13, 1967 were *Mempa v. Rhay* and *Walkling v. Washington State Board of Prison Terms and Paroles*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Because the majority pointedly notes that "this opinion was delivered approximately 13 months before petitioner's trial at which the void prior conviction was used for enhancement," a closer look at that opinion is instructive on the issue now before us. Mempa pled guilty and was "placed on probation . . . and the *imposition of sentence was deferred*" pursuant to Washington law, *id.* at 130, 88 S.Ct. at 255; at the subsequent revocation hearing without counsel the trial court "immediately entered an order revoking petitioner's probation and then *sentenced* him to 10 years in the penitentiary," *id.* at 131, 88 S.Ct. at 255. Walkling likewise pled guilty and "was placed on probation . . . and the *imposition of sentence was deferred,*" *id.* at 132, 88 S.Ct. at 255; at the later counselless hearing the trial court "revoked probation and *imposed* the maximum *sentence* of 15 years,"[4] *id.* at 133, 88 S.Ct. at 255. Relying on earlier principles concerning right to counsel,[5] "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected," *id.* at 134, 88 S.Ct. at 257, the Supreme Court alluded to several substantial factors and then concluded and held, *id.* at 137, 88 S.Ct. at 258:

---

**2.** Right to counsel during revocation proceeding having since been elevated to constitutional status, a request seems no longer a prerequisite, *Ex parte Bird*, 457 S.W.2d 559, 561 (Tex. Cr.App.1970); cf. *Ex parte Vestal*, 468 S.W.2d 372 (Tex.Cr.App.1971) and *Ex parte Rains*, 555 S.W.2d 478, 482 (Tex.Cr.App.1977).

**3.** Because sentence is not actually imposed in the first situation unless and until probation is revoked, among other consequences is that the trial court retains authority it lost, after expiration of term of court, when execution of an imposed sentence was suspended to amend, alter or modify the sentence. See, e. g., *Ex parte Minor*, 167 Tex.Cr.R. 170, 319 S.W.2d 114 (Tex.Cr.App.1959); *Ex parte March*, 423 S.W.2d 916 (Tex.Cr.App.1968).

**4.** A requirement of Washington law, as the Supreme Court explained in its note 2, *id.* at 131, 88 S.Ct. 254.

**5.** The Court was impressed by the opportunities for counsel to help "in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence," to protect right of appeal from the *original conviction*—available in Washington only after sentence is imposed following revocation of probation—and to advise withdrawal of the initial plea of guilty, as permitted by Washington law at any time prior to imposition of sentence, *id.* at 135–136, 88 S.Ct. at 257.

"In sum, we do not question the authority of the State of Washington to provide for a deferred sentencing procedure coupled with its probation provisions. Indeed, it appears to be an enlightened step forward. All we decide here is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing."

Thus, each case presented an original procedure in which the guilty pleading defendant was placed on probation and imposition of sentence was deferred—much as our own procedure now is to suspend—and, at the subsequent revocation hearing, was afforded an opportunity to influence a determination of the length of time he might have to serve, to effectuate his right of appeal from the original conviction and, perhaps, manage to withdraw his initial plea of guilty— none of which was legally available to a similarly situated probationer in Texas in 1967, certainly not for one whose sentence had been *imposed* but execution suspended.[6]

At this point in the chronological development of the right of an indigent probationer to appointed counsel in revocation proceedings the questions that become pertinent to a competent lawyer[7] handling such a case are, first, whether *Mempa v. Rhay* is fully retroactive and, if so, second, whether its holding is applicable in the situation where execution of an imposed sentence is suspended when an accused is placed on probation, as distinguished from suspension of imposition of sentence.[8] The critical period in this appeal is said to be during the robbery trial held December 8–10, 1968. May it reasonably be attributed to a competent attorney an awareness during that period of time that on May 18, 1965, when appellant's probation was revoked without assistance of counsel, as an indigent, he was entitled to be represented by court appointed attorney?

Recall, now, that just a year earlier this Court held flatly in *Crawford v. State*, supra, (Crawford One)[9] that appointment of counsel was not constitutionally required[10] and, further, the legislative mandate in Article 42.12, § 3(b), supra, that counsel be provided was not retroactively applicable to

---

6. The provision of Article 42.12, § 8, V.A.C.C.P., for reducing the term of imprisonment originally assessed was not added until Acts 1973, 63rd Leg., ch. 464, p. 1269, § 1. An appeal not taken from conviction when probation is granted is waived, *McMillan v. State*, 166 Tex.Cr.R. 15, 310 S.W.2d 116 (Tex.Cr.App. 1958), and the only issue thereafter is whether in revoking probation the trial court abused it's discretion, *Pitts v. State*, 442 S.W.2d 389 (Tex. Cr.App.1969). Our rule is that a plea of guilty, voluntarily and understandingly made, waives all nonjurisdictional defects, including due process deprivations, *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.1972). Though one may imagine an extraordinary state of facts calling for the grant of a new trial, once the time for presenting the motion has expired a revocation hearing is not the proper forum for that hearing "affects sentencing only, not conviction," *Nealy v. State*, 500 S.W.2d 122, 125 (Tex.Cr.App.1973). Unless subject to challenge through application of writ of habeas corpus, collateral attacks on the original conviction are not permitted, *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr.App.1972), *Martinez v. State*, 494 S.W.2d 545 (Tex.Cr.App.1973) and *Taylor v. State*, 482 S.W.2d 246 (Tex.Cr.App. 1972).

7. One whose training and experience bring one within the range of competence required of attorneys representing defendants in criminal cases, *Parker v. North Carolina*, 397 U.S. 790, 797, 90 S.Ct. 1458, 1462, 25 L.Ed.2d 785 (1970).

8. See note 2, supra.

9. Denominating it as such for purposes of this opinion, we note with some appreciation for persistence that actually Johnny Crawford, with counsel or pro se, attempted to fend off his original 1951 assault with intent to rob conviction, after revocation of probation, for some 13 years; see *Crawford v. State*, 162 Tex.Cr.R. 95, 282 S.W.2d 222 (Tex.Cr.App. 1955); *Crawford One*, supra; *Crawford v. Beto*, 383 F.2d 604 (5 Cir. 1967) and *Crawford v. State*, 435 S.W.2d 148 (Tex.Cr.App.1968) (Crawford Two), in which he finally succeeded.

10. While the *Crawford One* Court did not couch its holding in constitutional terms, it relied solely on *Wilson v. State*, 156 Tex.Cr.R. 228, 240 S.W.2d 774 (Tex.Cr.App.1951) which did: "Obviously, therefore, the proceeding to revoke probation is not a trial, as that term is used and contemplated by the Constitution in reference to criminal cases, and is not a proceeding required to be conducted as such a trial," *Wilson*, supra, 240 S.W.2d at 776.

hearings on motion to revoke held prior to January 1, 1966, e. g., *Ex parte Williams* and *Ex parte McCarter*, supra. Thus, as the matter stood in Texas for some ten months after *Mempa v. Rhay* decided it under Washington statutory law, a practitioner could fairly conclude that as of May 18, 1965, an indigent Texas probationer was neither constitutionally nor statutorily entitled to a court appointed attorney in his revocation hearing.

Then, September 16, 1968, along came *Crawford Two*, 435 S.W.2d 148 (Tex.Cr.App. 1968). After original submission, with two members of the then five judge Court dissenting, the Court expressly stated its *only* concern was with the effect of *Mempa v. Rhay*, supra, noted lack of citation to any holding by the Supreme Court that it is to be applied retroactively and, adhering to *Ex parte Williams* and *Ex parte McCarter*, supra, the majority was "not inclined to so hold" for retroactive application of *Mempa v. Rhay*. The dissenting opinion noted that when Crawford was initially granted probation in 1950 *imposition of sentence was suspended*, reviewed the nature of revocation proceedings in Texas, argued strongly for retroactive application but agreed that Article 42.12, § 3b, supra, was purely retrospective and suggested that Crawford was still entitled benefit of *Mempa v. Rhay* because "his (1955) conviction is not yet final in view of his out of time appeal," *Crawford Two*, 435 S.W.2d at 155.

October 18, 1968, in *McConnell v. Rhay* and *Stiltner v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968), two more cases from the State of Washington, the Supreme Court held that *Mempa v. Rhay* should be applied retroactively. In similar proceedings under the same Washington law governing Mempa and Walkling, probation of McConnell and Stiltner was revoked "at their deferred sentencing hearings." In so doing the Supreme Court thought the right to counsel "related to 'the very integrity of the fact-finding process'," because, as in *Mempa*, the necessity for aid of counsel in marshaling facts, showing mitigating circumstances and generally "assisting the defendant to present his case *as to sentence.*" Accordingly, the Supreme Court held, "The right to counsel at *sentencing* must, therefore, be treated like the right to counsel at other stages of adjudication."

November 27, 1968 on appellant's motion for rehearing in *Crawford Two*, this Court noted the opinion in *McConnell v. Rhay* and *Stiltner v. Rhay* and, without more, reversed the judgment of conviction, 435 S.W.2d at 155.

Assuming that court appointed trial counsel preparing to try one of three separate cases of robbery, all alleged to have been committed the same night, and assembling his defensive evidence of temporary insanity by reason of psychomotor epilepsy,[11] somehow learned of the Supreme Court decision during the seven weeks and of the *Crawford Two* opinion on rehearing during the eleven days before trial, what is he to make of them with respect to his client's case? [12]

First, that in the State of Washington where sentence is *deferred* and in Texas where *imposition* of sentence is *suspended* when a defendant is placed on probation, the indigent probationer is entitled to have and, whenever it occurred, should have been

11. See *Sanders v. State*, 449 S.W.2d 262 (Tex. Cr.App.1969) and *Sanders v. State*, 450 S.W.2d 871 (Tex.Cr.App.1970).

12. The indictment in this case was returned October 17, 1968; counsel was appointed October 30, 1968 and contemporaneously the case was set for trial December 9, 1968. In these circumstances the following scenario is easily conceived: At the outset counsel noted the enhancement paragraph in the indictment, checked the facts of the matter from court records and his client, read the law from *Crawford One* through the other opinions discussed above in the instant one to the original opinion in *Crawford Two* and concluded that this Court, remaining steadfast in its position, had foreclosed any objection as late as September 16, 1968, by rejecting the strongly stated dissenting opinion. Having thus satisfied that aspect of his duty as appointed counsel, and reasonably believing the settled rule would remain intact at least another six weeks, he then moved on to prepare to meet the case for the State on the merits and to present his client's defense.

represented by appointed counsel during revocation proceedings.

Second, but as to one whose *execution* of an imposed sentence is suspended, neither the *Mempa* line of cases nor *Crawford Two* directly address the point. Indeed, by constant references to the kinds of aid and assistance counsel may render at sentencing, the opinions would at least strongly imply that unless those opportunities for competent counsel exist—as certainly they do not when the only sentencing is to lift the suspension of its execution—appointment of counsel is not required. Using slightly different terminology, the point was being made on the same day in June 1968 by two federal judges in different parts of this State: On June 3, 1968 District Judge Noel in *Sammons v. United States*, 285 F.Supp. 100 (S.D.Tex.1968), refused to vacate a sentence on grounds that an accused was not informed of the right to, and did not have, counsel at his probation revocation hearing.[13] Also on June 3, 1968, Chief Judge Fisher in *Holder v. United States*, 285 F.Supp. 380, 382 (E.D.Tex.1968) refused leave to appeal in forma pauperis from a denial of a similar motion made on virtually the same contention.[14] If these views of the holding in *Mempa* are correct, then that *McConnell* made it retroactive is of no moment whatsoever.[15] In any event, as the Court said earlier in the order directing an evidentiary hearing, the applicable law was "so unsettled" in 1968. Trial counsel is not to be faulted for finding it in such an unstable condition that he felt an objection was untenable.

Finally, it is at least ungracious of the majority to attribute to trial counsel an understanding of the very question posed here that the Court itself did not come to until almost two years after *Crawford Two*. Finding in *Ex parte Bird*, 457 S.W.2d 559 (Tex.Cr.App.1970) that the habeas court below erroneously concluded that applicant had waived assistance of counsel at his probation revocation hearing, the Court—for the first time ever that we have been able to discover—concluded as follows, *id.* at 561:

> "*After due consideration*, we have reached the conclusion that the fact *the execution of the sentence was suspended* rather than the imposition thereof when the petitioner was placed on probation in 1956 (See Article 781v, V.A.C.C.P., then in effect and *Ex parte March*, Tex.Cr.App., 423 S.W.2d 916) *does not call for a different result* than what we eventually reached in *Crawford v. State*, supra, and related cases . . ."

I would not require that an otherwise competent lawyer anticipate at a December 8–10, 1968 trial that this Court would rule September 4, 1970 in such a way that an objection, had it been made, might ultimately be found to be good.

The injustice imposed by the majority for the Court presages its repetition, for there are bound to be many convicts similarly situated. I prefer to correct it now and, because the Court does not, I earnestly dissent.

ROBERTS and PHILLIPS, JJ., join.

13. "In the State of Washington where the *Mempa* case arose, it was the sentencing itself that is deferred. Here, it is merely the imposition of sentence that is deferred. Thus, the holding in *Mempa*, that an indigent is entitled to counsel at sentencing, whether deferred or otherwise, is not controlling here. (Other cases) stand for the proposition that appointment of counsel is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected. That sentencing is such a stage is no longer open to questioning. * * *

   *The revocation hearing here was not such a stage of the criminal proceedings.*"

14. "This Court reiterates that the Washington Probation Act provides for sentencing at the revocation of probation hearing, whereas in the Federal Court *the sentencing process is complete at the trial level*, and the revocation hearing is simply a judicial determination as to whether the privilege of conditional liberty should be forfeited."

15. Indeed, just two years ago the same distinction this Court made in, e. g., *Ex parte March*, supra, was acknowledged in *Loud v. Estelle*, 556 F.2d 1326, 1329 (5 Cir. 1977); see also *Gill v. Estelle*, 544 F.2d 1336, 1339 (5 Cir. 1977), cert. denied, 431 U.S. 924, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977).