**Stanley Keith BURKS, Petitioner,**

v.

**W.J. ESTELLE, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 3–81–0276–H.**

United States District Court,
N.D. Texas,
Dallas Division.

April 20, 1983.

On Motion for Reconsideration
May 11, 1983.

E. Brice Cunningham, Dallas, Tex., for petitioner.

Leslie A. Benitez, Asst. Atty. Gen., State of Tex., Austin, Tex., for respondent.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

This matter is before the Court on Stanley Keith Burks' ("Burks") Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 on February 20, 1981. In his petition, Burks asserts that prospective juror Elizabeth Williams ("Williams") was improperly excused for cause in violation of the principles set forth in *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) and applied to the Texas death penalty statute in *Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980).

On March 2, 1981, Burks' petition was referred to the United States Magistrate pursuant to 28 U.S.C. § 636(b). On January 19, 1983, the Magistrate filed Findings, Conclusions, and Recommendation, which, in relevant part, concluded that the objection made by Burks' attorney to the exclusion of Williams for cause was insufficient under Texas law to preserve the alleged *Witherspoon* error and, therefore, Burks effectively waived his *Witherspoon* claim barring consideration of that claim on federal habeas review. Magistrate's Recommendation at 9–11.

On January 31, 1983, Burks filed Objections to the Magistrate's Findings, Conclusions and Recommendation and therein directed the Court's attention to a Texas Court of Criminal Appeals decision, *Cuevas v. State,* 641 S.W.2d 558 (Tex.Cr.App., 1982) (en banc), in which that court held that although the appellant in that case had not objected to the exclusion of a prospective juror specifically on the basis of *Witherspoon* the appellant had not waived his *Witherspoon* claim.

In light of this latest pronouncement by the Texas Court of Criminal Appeals this Court directed Respondent Estelle to respond again to Burks' claim that Williams was improperly excluded in violation of *Witherspoon.*

On February 24, 1983, Estelle filed a response in which he argued that Burks' objection to the exclusion of Williams was insufficient to preserve the alleged *Witherspoon* error as a matter of state law and, therefore, federal habeas review is precluded.

After reviewing the record in this case, the memoranda submitted by the parties, and the applicable state and federal law, this Court concludes that the objection made by Burks to the exclusion of Williams for cause was sufficient under Texas law to preserve the alleged *Witherspoon* error and that Williams was improperly excused in violation of *Witherspoon v. Illinois, supra,* and *Adams v. Texas, supra.*

### I.

### The Sufficiency of Burks' Objection to the Exclusion of Prospective Juror Williams

Texas procedure requires a contemporaneous objection when a prospective juror is excused for cause on pain of waiving the claim that the prospective juror was improperly excused. *Boulware v. State,* 542 S.W.2d 677 (Tex.Cr.App.1976) *cert. denied,* 430 U.S. 959, 97 S.Ct. 1610, 51 L.Ed.2d 811 (1977); *Bass v. Estelle,* 696 F.2d 1154 (5th Cir.1983). In both *Boulware* and *Bass* the defendants failed to make objections to the alleged improper exclusion of prospective jurors at the time that they were excused for cause and, therefore, they failed to preserve their claims that the prospective jurors were improperly excused.

Unlike the petitioners in both *Boulware* and *Bass,* Burks objected to the exclusion of Williams for cause after she was extensively questioned about her feelings concerning the death penalty by the court, the prosecutor, and Burks' attorney. *See* Voir Dire Examination of Prospective Jurors ("Voir Dire"), Vol. 1 at 285–305. Estelle argues, however, that Burks' objection was insufficient to preserve the alleged *Witherspoon* error because Burks did not specifically state that his objection was based upon *Witherspoon.* In support of this argument, Estelle cites the Texas Court of Criminal Appeals' decision affirming Burks' conviction and death penalty in which that court stated:

> Error, if any, was waived as to juror Elizabeth Williams. Appellant made no attempt to show she was qualified under *Witherspoon* or to show she was excused in violation thereof.

*Burks v. State,* 583 S.W.2d 389, 395 (Tex.Cr. App.1979). Estelle's reliance on this analysis in the face of *Adams, supra,* and *Cuevas, supra,* is misplaced.

In *May v. State,* 618 S.W.2d 333, 349 (Tex.Cr.App.1981), the Texas Court of Criminal Appeals reasoned, as it did in Burks' case, that because the appellant failed to specifically object that a prospective juror had been excused for cause in violation of *Witherspoon* he waived such error. On petition for writ of certiorari *May* was vacated and remanded for reconsideration in light of *Adams v. Texas, supra.* Thereafter, but prior to reconsideration by the Texas Court of Criminal Appeals, May's death penalty was commuted to life imprisonment by the Governor of Texas. On remand, the Texas Court of Criminal Appeals held that May's *Witherspoon* claim was thereby mooted.

In *Cuevas v. State, supra,* the Texas Court of Criminal Appeals was again confronted with the argument that an appellant waived his alleged *Witherspoon* error by failing to specifically object that the prospective juror had been excused for cause in violation of *Witherspoon.* In *Cuevas* the Court pointed out that

> at the time of this trial our case law made it abundantly clear that an objection to a Sec. 12.31(b) exclusion on *Witherspoon* grounds would be futile.
>
> Where a defect of constitutional magnitude has not been established at the time of trial, the failure of counsel to object does not constitute waiver. *Ex Parte Sanders,* 588 S.W.2d 383.

*Id.* at 563. While acknowledging that there are exceptions to this general rule, the *Cuevas* court concluded that the *Witherspoon* claim had been preserved in that case although Cuevas had not specifically based his objection, upon *Witherspoon* because an examination of the voir dire made clear that the prospective juror had been excused because of his beliefs concerning the death penalty and Cuevas objected to his being excused for cause on that basis.

 So, too, in this case. Burks' trial occurred before the United States Supreme Court decision in *Adams v. Texas, supra.* Under the Texas cases controlling at that time it would have been futile for Burks' attorney to base his objection specifically upon *Witherspoon.* Nonetheless, it is clear from an examination of Williams' voir dire that Burks' attorney did object that Williams was improperly excused for cause on the basis of her feelings about the death penalty. Under the *Cuevas* case, the most recent pronouncement by the Texas Court of Criminal Appeals, which is the ultimate expositor of what is a sufficient objection under the Texas contemporaneous objection rule, the objection made by Burks' attorney was sufficient to preserve Burks' *Witherspoon* claim.

## II.

### *The Merits of Burks' Witherspoon Claim*

In *Adams v. Texas, supra,* the United States Supreme Court explained that the *Witherspoon* line of cases

> establishes the general principle that a juror may not be challenged for cause based upon his views about capital punishment unless those views would prevent or substantially impair the performance

of his duties as a juror in accordance with his instructions and his oath.

*Id.,* 448 U.S. at 45, 100 S.Ct. at 2526.

In analyzing the application of the Texas statute against the *Witherspoon* standard, the Court concluded that the Texas statute had been applied unconstitutionally because it excluded jurors

who stated that they would be "affected" by the possibility of the death penalty . . . [or] were unable to positively state whether or not their deliberations would in any way be "affected".

*Id.,* 448 U.S. at 49–50, 100 S.Ct. at 2528–2529.

Similarly, in *Burns v. Estelle,* 626 F.2d 396 (5th Cir.1980) (en banc) the Court stated:

[T]hree times in succession Mrs. Doss stated that she did not believe in the death penalty, followed with an affirmation that it would *affect* her deliberations on any issue of fact in the case. These are strong expressions indeed, but they fall short of the unequivocal avowals disqualifying her under either aspect of *Witherspoon's* two prong test.

*Id.* at 397–98 (emphasis added).

Likewise, in *Granviel v. Estelle,* 655 F.2d 673 (5th Cir.1981) the Court held that a prospective juror was improperly excused for cause because his answers to the voir dire questions fell short of the unequivocal affirmation that he

would automatically vote against the death penalty regardless of the evidence, or that his objections to the death penalty would prevent him from making an impartial decision as to guilt.

Most recently, in *Lackey v. State,* 638 S.W.2d 439 (Tex.Cr.App.1982) (en banc), the Texas Court of Criminal Appeals held that a prospective juror had been improperly excused because:

He had not testified that his beliefs about capital punishment were so strong that he would disregard the evidence and answer the questions required . . . so that the death penalty could not be assessed. *Id.* at 476.

In contrast, the prospective jurors in *Porter v. State,* 623 S.W.2d 374 (Tex.Cr.App. 1981) and *Williams v. State,* 622 S.W.2d 116 (Tex.Cr.App.1981) were properly excluded because the prospective jurors in each of those cases made it unmistakenly clear that they would distort the evidence or answer one of the required questions so that the defendant would not receive the death penalty. *See Lackey v. State,* 638 S.W.2d at 476. Also instructive is the case of *Williams v. Maggio,* 679 F.2d 381 (5th Cir.1982) (en banc) in which the Court held that two prospective jurors who unequivocally stated their inability to consider the death penalty thereby disqualified themselves from serving as jurors in Louisiana, where the jury imposes the death penalty if it finds at least one of a list of aggravating circumstances requiring the death penalty. *Id.* at 385.

Judged by this standard, the exclusion of Williams was clearly improper. The prosecutor stated to Williams that:

No person is qualified to serve as a juror unless he states under oath that the mandatory penalty of death or imprisonment for life will not *affect* their deliberations on any issue of fact.

Voir dire, Vol. 1 at 289 (emphasis added).

Likewise, Burks' attorney explained that:

the twelve people that are going to sit over there in the jury box are going to have to take an oath . . . that the mandatory penalty of death or life imprisonment will not *affect* their deliberations in arriving at the answers to any issue in this case.

*Id.* at 297 (emphasis added). Finally the presiding judge explained that:

Well, here is the thing. Would the fact that you knew that if you found him guilty of murder while in the course of committing burglary, if you have to decide whether he did that or not, would the fact that he might get death *influence* your decision in that matter?

*Id.* at 302 (emphasis added). To which she responded, "Yes it would". *Id.* at 302.

The Court continued to question Williams to be sure she understood the nature of the oath she was required to take under the Texas statute. The touchstone of his inquiry was whether she would be "affected" by the possibility that death penalty would be imposed—the very basis which was invalidated in *Adams*. Not surprisingly then, Williams' voir dire established only that she would be "affected" by the possibility that death could be imposed. It did not establish that she was so irrevocably opposed to the death penalty that she would refuse to determine guilt or innocence based upon the evidence or that she would answer the questions posed in the separate penalty phase so as to frustrate Texas' legitimate efforts to administer its constitutionally valid death penalty scheme. Therefore, Williams was improperly excused and Texas is constitutionally prohibited from executing Burks' death sentence which was imposed by a jury from which Williams was excluded. *Adams*, 448 U.S. at 51, 100 S.Ct. at 2529; *Cuevas*, 641 S.W.2d at 563.

Accordingly, Petitioner Burks' Application for a Writ of Habeas Corpus is hereby GRANTED to the extent that the judgment imposing the death penalty is VACATED. Further, Petitioner Burks shall be discharged after one hundred and twenty (120) days unless within that time his death penalty is commuted to life imprisonment, as may be provided under state law, or he is granted a new trial.

SO ORDERED.

### ORDER

#### On Motion for Reconsideration

This habeas corpus petition is before the Court on Respondent Estelle's Motion for Reconsideration, filed May 2, 1983. After reviewing the motion, the record in this case, and the applicable law, the Court is of the opinion that Estelle's motion should be denied for the reasons set forth below.

On April 20, 1983, this Court filed a Memorandum Opinion and Order vacating Petitioner Burks' death sentence on the ground that a prospective juror, Elizabeth Williams, was improperly excused for cause in violation of Burks' Sixth Amendment right to a jury selected from a fair cross section of the community as outlined in *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) and as applied to the Texas death penalty statute in *Adams v. Texas*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980).

Prior to vacating Burks' death sentence, this Court directed Estelle to respond to Burks' claim that Ms. Williams had been improperly excused for cause. In his response, Estelle took the position that Burks had failed to specifically object to the exclusion of Ms. Williams on *Witherspoon* grounds and, therefore, under the Texas contemporaneous objection rule Burks had waived that claim.

In his motion for reconsideration, Estelle now acknowledges that Burks' general objection to the exclusion of Ms. Williams was sufficient to preserve his *Witherspoon* claim under the Texas contemporaneous objection rule, but "urges this Court to dismiss the entire action without prejudice for further exhaustion." Estelle's Motion at 1–2. Estelle contends that the Texas Court of Criminal Appeals has modified the Texas contemporaneous objection rule creating a new avenue for Burks to present his constitutional claim in state court. Estelle bases this argument on a number of recent Texas cases in which the Texas Court of Criminal Appeals vacated death sentences which were obtained in violation of the principles set forth in *Adams v. Texas*.

Contrary to Estelle's argument, however, there has been no modification of the Texas contemporaneous objection rule. An important aspect of the Texas rule is, and has been for some time, that:

> [w]here the defect which renders the conviction void has not been established as a defect of constitutional magnitude the failure to object does not constitute waiver.

*Cuevas v. State*, 641 S.W.2d 558 (Tex.Cr. App.1982); *Ex Parte Sanders*, 588 S.W.2d 383 (Tex.Cr.App.1979); *Ex Parte Casarez*, 508 S.W.2d 620 (Tex.Cr.App.1974); and *Ex*

*Parte Taylor,* 484 S.W.2d 748 (Tex.Cr.App. 1972). In the cases cited by Estelle, the Texas Court of Criminal Appeals did not modify the contemporaneous objection rule, but merely applied that aspect of its rule quoted above to cases in which the death sentence was imposed prior to *Adams v. Texas* and invalidated by the rationale of that decision. *See Hartfield v. State,* 645 S.W.2d 436 (Tex.Cr.App.1983); *Ex Parte Bravo,* (Tex.Cr.App.1982); *Cuevas v. State, supra.*

Similarly, in Burks' case, this Court applied the Texas contemporaneous objection rule to Burks' *Witherspoon* claim and found that that claim was not waived under that rule. Further, this Court did so after Burks presented his *Witherspoon* claim to the Texas courts. Therefore, Burks is not required to present his *Witherspoon* claim to the state courts a second time after he has already given them a fair opportunity to address that claim. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Further exhaustion in a case such as this would require a repetitive and wasteful expenditure of judicial resources that does not further the interests of comity underlying the exhaustion doctrine.

Accordingly, Respondent Estelle's Motion for Reconsideration of this Court's April 20, 1983, Memorandum Opinion and Order is hereby DENIED.

SO ORDERED.