In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00164-CR


______________________________




VALENTIN UGARTE CAMILO, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 36831-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 On June 25, 2008, in the process of pleading guilty to two felony charges (1) of driving while
intoxicated (DWI), Valentin Ugarte Camilo judicially confessed to having been convicted in 1999
of DWI and stated in open court that he had "no objection" to the State's exhibits documenting that
1999 conviction. As a result of Camilo's guilty pleas, the trial court sentenced him to terms of
incarceration of ten years in this case and seven years in the companion case. The trial court also
ordered the two sentences to be served consecutively, that is, to be "stacked." 

 Camilo now appeals the trial court's judgment in each case. He has filed a single appellate
brief in the two appeals, raises three issues in this case and two of the three in the companion case. 
In both cases, Camilo asserts that the trial court erred by denying his motion for new trial because
the 1999 conviction used to enhance the applicable sentencing range in the two cases was void. In
a point of error unique to this case, Camilo also challenges the trial court's cumulation (or "stacking")
order. We modify the trial court's judgment to provide that the two sentences will be served
concurrently and, as modified, affirm the judgment; we reach that result because (1) Camilo waived
his right to collaterally attack the 1999 conviction, and (2) the trial court erred by stacking Camilo's
sentences.


(1) Camilo Waived His Right To Collaterally Attack the 1999 Conviction

 In two points of error common to his two appeals, Camilo contends the trial court erred by
denying his motion for new trial. He offers two reasons why he believes the 1999 conviction used
to enhance the applicable punishment range in these cases was void. (2)

 A trial court's ruling on a motion for new trial is reviewed for an abuse of discretion. Holden
v. State, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); Todd v. State, 242 S.W.3d 126, 132 (Tex.
App.--Texarkana 2007, pet. ref'd). A trial court abuses its discretion in denying a motion for new
trial "only when no reasonable view of the record could support the trial court's ruling." Holden, 201
S.W.3d at 763; Todd, 242 S.W.3d at 132. We conclude, however, that Camilo waived this issue.

 The appellate record shows Camilo signed a document entitled "stipulation of evidence" in
2008 in connection with the cases now on appeal. Camilo "judicially confessed" in that document
to having been previously and finally convicted of DWI in the County Court at Law of Gregg County
on September 24, 1999, in cause number 9903573. At the 2008 guilty plea hearing, Camilo
specifically acknowledged that he had been previously and finally convicted of DWI, as alleged in
the State's charging instruments. When the State offered certified documents to support those
enhancement allegations at the guilty plea hearing, Camilo offered "[n]o objection to those exhibits."

 The Texas Court of Criminal Appeals has written, "Failure to object to proof of a void
conviction has been held to constitute waiver." Ex parte Sanders, 588 S.W.2d 383, 384 (Tex. Crim.
App. 1979). The record before us shows several things: (1) in 2008, Camilo repeatedly agreed with
the State's assertion that he had been previously convicted of DWI in cause number 9903573; (2)
between 1999 and 2008, Camilo never mounted a collateral (post-conviction) attack on the validity
of his conviction in cause number 9903753; and (3) in 2008, Camilo made no objection to the
admission of the State's punishment enhancement evidence. Nor did he, at the motion for new trial
hearing, explain why he failed to object to the admission of the punishment enhancement evidence. 
See id. at 385 (placing burden on defendant to explain to trial court why defendant's earlier failure
to object did not waive subsequent challenge). These considerations persuade us that the trial court
did not abuse its discretion by denying Camilo's motion for new trial because the court could have
reasonably concluded Camilo had waived his right to make a collateral attack on that 1999 prior
conviction. (3)

(2) The Trial Court Erred by Stacking Camilo's Sentences

 Camilo also contends the trial court erred by ordering that Camilo not begin serving his
sentence in this case until he had completed service of his seven-year sentence in cause number
36,267-B. Camilo asks us to reform the trial court's judgment "to delete the cumulation order,
thereby permitting Appellant to serve the sentences concurrently." The State concedes error and
similarly recommends we reform the trial court's judgment by deleting the stacking provision. 

 Camilo was charged with felony DWI in both cases. See Tex. Penal Code Ann.§ 49.04
(Vernon 2003) (defining driving while intoxicated), § 49.09 (Vernon Supp. 2008) (providing
enhanced punishments for repeat DWI offenders). "When a defendant is found guilty of more than
one offense arising out of the same criminal episode prosecuted in a single criminal action, a
sentence for each offense for which he has been found guilty shall be pronounced." Tex. Penal
Code Ann. § 3.03(a) (Vernon Supp. 2008). Except under certain circumstances not applicable to
Camilo's cases, "the sentences shall run concurrently." Id. The term "criminal episode" used in
Section 3.03 of the Texas Penal Code has been further defined to include a situation in which the
accused commits two or more crimes and "the offenses are the repeated commission of the same or
similar offenses." Tex. Penal Code Ann. § 3.01 (Vernon 2003). That result is true under Section
3.01 where the same or similar offenses are committed on different dates. See Guidry v. State, 909
S.W.2d 584 (Tex. App.--Corpus Christi 1995, pet. ref'd).

 Camilo's two charges of felony DWI were prosecuted in a unified proceeding and involved
repeated commission of the same offense. The trial court was required by the applicable law to order
concurrent sentencing. The trial court's order is, therefore, erroneous in that regard. Accordingly,
we reform the judgment to state that the punishment under this conviction will run concurrently with
the punishment and seven-year sentence in cause number 06-08-00163-CR (trial court number
36,267-B). Accord Merritt v. State, 252 S.W.3d 757 (Tex. App.--Texarkana 2008, no pet.).







 We affirm the reformed trial court's judgment.




 Josh R. Morriss, III

 Chief Justice



Date Submitted: February 4, 2009

Date Decided: February 13, 2009


Do Not Publish



1. The guilty pleas were simultaneously taken in two companion cases. Trial court cause
number  36,831-A--this  appeal--charged  Valentin  Ugarte  Camilo  with  a  DWI  that  occurred
March  30,  2008;  while  trial  court  cause  number  36,267-B--appeal  cause  number  06-08-00163-CR--charged Camilo with a DWI that occurred November 9, 2007.
2. Camilo first contends the 1999 conviction was void because his guilty plea in that case was
involuntary. He next argues the 1999 conviction was void because he was not provided legal
counsel at the time of that conviction and was instead only offered the translation services of a
Spanish-speaking community supervision officer who had an inherent conflict of interest. 


 The prior conviction specifically at issue occurred in cause number 9903573 in what was then
Gregg  County's  County  Court  at  Law  (now  statutorily  identified  as  "the  County  Court  at
 Law No. 1 of Gregg County"). Tex. Gov't Code Ann. § 25.0941 (Vernon 2004). Documents from
that September 24, 1999, proceeding show Camilo waived his constitutional rights, admitted his guilt
to the charge of DWI, and received a two-year probated sentence. At the motion for new trial
hearing for the cases now on appeal, Camilo testified that his 1999 guilty plea had been involuntary
because he, in 1999, did not read or write in English and was unable to read and comprehend the plea
paperwork associated with that 1999 guilty plea. His 1999 waiver of rights, he argues, was therefore
involuntary. Camilo explained that, instead of trying to understand what he was doing by signing
the 1999 plea paperwork, he merely did what the community supervision officer/translator told him
to do. And, according to Camilo, the directions by the community supervision officer/translator did
not include an explanation of (or the consequences of) the documents Camilo would be signing. On
cross-examination, Camilo admitted that he had never attacked the validity of that 1999 conviction
by filing an application for writ of habeas corpus or other instrument to seek post-conviction relief
from his "void" 1999 conviction. 
3. Even had Camilo not waived this complaint, he would fail on this issue. The trial court had
documents before it that showed a facially valid waiver of rights signed by Camilo in connection
with that 1999 guilty plea. The only contradictory evidence came from Camilo's testimony at the
2008 motion for new trial hearing. Had the trial court found Camilo to be an incredible witness, then
the trial court had before it no other evidence to support Camilo's contention that his 1999 conviction
was void. Keeping in mind that a trial court's assessment of witness credibility is not something that
can be judged anew on appeal but must instead be accorded great deference, we would be hard-pressed to conclude that the trial court abused its discretion by denying Camilo's 2008 motion for
new trial. See, e.g., Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008) (discussing
appellate court's obligation to defer to fact-finder in assessing witness credibility because that entity
"is present to hear the testimony, as opposed to an appellate court who relies on the cold record.").