**Howard SEVERN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–87–016–CR.**

Court of Appeals of Texas, Texarkana.

Dec. 30, 1987.

Discretionary Review Granted May 4, 1988.

Rodney Scott, Longview, for appellant.

William K. Gleason, Dist. Attorney's Office, Longview, for appellee.

GRANT, Justice.

Howard Severn was convicted by a jury of indecency with a child and assessed punishment of ten years confinement in the Texas Department of Corrections.

Severn contends in his sole point of error that the trial court erred in admitting a videotaped interview with the complainant child as part of the State's case-in-chief. He argues that admission of the videotape of the interview violated his right to confrontation under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution. He further argues that it also violated his right to due process under the Fourteenth Amendment to the United States Constitu-

tion and Article I, Section 19 of the Texas Constitution. The statute which authorized the use of such a videotaped interview and specified the conditions under which it would be held, Tex.Code Crim.Proc.Ann. art. 38.071 (Vernon 1986), has been held unconstitutional by the Court of Criminal Appeals as being violative of the right of confrontation and the right to due process under the law. *Long v. State,* 742 S.W.2d 302 (Tex.Crim.App.1987).

In the present case, the child was interviewed on videotape in accordance with the requirements of the statute, but she also testified at trial as part of the State's case-in-chief and was subjected to cross-examination.

■ We find that the defense counsel did not object to the admission of the videotaped interview, but where a statute is declared to be unconstitutional after the time of trial, the failure of counsel to object does not constitute waiver. *Ex parte Chambers,* 688 S.W.2d 483 (Tex.Crim.App. 1984); *Cuevas v. State,* 641 S.W.2d 558 (Tex.Crim.App.1982); *Ex parte Sanders,* 588 S.W.2d 383 (Tex.Crim.App.1979).

■ The State argues that the situation in *Long* is distinguishable from the present case. In *Long,* the State called the child as a witness on rebuttal. In the present case, the State called the child as a witness during its case-in-chief, thus providing Severn with an opportunity to cross-examine the child without having to call her himself and thus possibly incur the wrath of the jury. This factual distinction does not place this situation outside the rationale of *Long.*

The court in *Long* found the elimination of any opportunity for a contemporaneous cross-examination of the witness to be a major constitutional problem. The court further held that noncontemporaneous cross-examination does not properly preserve the right of confrontation, as such a time delay largely eliminates the benefit of the right. The court found that the denial of contemporaneous cross-examination tainted the reliability of the truth finding process and gave the State an unfair advantage.

The court in the *Long* case also found that the videotaped interview violated the due process clause of the Fourteenth Amendment of the United States Constitution, because the trial court did not have an opportunity to determine the competency of the child prior to the testimony and because the testimony was not under oath. The fact that the State called the child as a witness during the case-in-chief does not cure the error resulting from the denial of an opportunity for cross-examination contemporaneous with the making of the videotape, nor does it cure the error of allowing unsworn testimony by a child witness who has not been determined competent by the court.

We therefore reverse the appellant's conviction and remand this case to the trial court for a new trial.