**Howard SEVERN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 180–88.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 25, 1989.

Rodney S. Scott, Longview, for appellant.

David Brabham, Dist. Atty., R. Clement Dunn, Asst. Dist. Atty., Longview, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Howard Severn, henceforth appellant, appeals his conviction for the offense of indecency with a child. After finding the appellant guilty, the jury assessed punishment at ten years' confinement in the Texas Department of Corrections.

On appeal, appellant urged that the trial court erred in admitting a pretrial videotape interview of the complainant, as authorized by Article 38.071, Section 2, V.A.C. C.P. It was urged that the admission of the videotaped testimony of the child victim did not allow for the contemporaneous confrontation of the witness against appellant. The Court of Appeals agreed, and reversed appellant's conviction based on this Court's decision in *Long v. State,* 742 S.W.2d 302 (Tex.Cr.App.1987). *Severn v. State,* 744 S.W.2d 280 (Tex.App.—Texarkana 1987). However, the Court failed to determine whether the error was harmless in the context of the instant cause. Also see *Mallory v. State,* 752 S.W.2d 566 (Tex.Cr.App. 1988).

We, therefore, grant the State's petition for discretionary review, vacate the opinion of the Court of Appeals, and remand this cause to that Court for consideration of the harmfulness of the error in this cause, pursuant to Tex.R.App.Proc., Rule 81(b)(2).