**Howard SEVERN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–87–016–CR.**

Court of Appeals of Texas, Texarkana.

March 21, 1989.

Rodney Scott, Longview, for appellant.

R. Clement Dunn, Asst. Dist. Atty., Longview, for appellee.

GRANT, Justice.

A jury convicted Howard Severn of indecency with a child and assessed his punishment at ten years' confinement in the Texas Department of Corrections.

Severn contended in his sole point of error on direct appeal that the trial court erred in admitting a videotaped interview with the complainant child as part of the State's case-in-chief. The statute, which authorized the use of such a videotaped interview and specified the conditions under which it would be held, Tex.Code Crim. Proc.Ann. art. 38.071 (Vernon 1986), has

been held unconstitutional by the Court of Criminal Appeals as being violative of the right of confrontation and the right to due process under the law. *Long v. State*, 742 S.W.2d 302 (Tex.Crim.App.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988).

In accordance with that opinion, we reversed the appellant's conviction and remanded the cause for a new trial. 744 S.W.2d 280. The Court of Criminal Appeals later specified in *Mallory v. State*, 752 S.W.2d 566 (Tex.Crim.App.1988), that a harmless error analysis should be applied to the review of cases applying *Long*. In accordance with the mandate of *Mallory*, the Court reversed and remanded the cause for this Court to determine whether the error was harmless. 764 S.W.2d 560. Upon making this determination, we must reverse the judgment unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment imposed. Tex.R.App.P. 81(b)(2).

In the present case, the child was interviewed on videotape in accordance with the requirements of the statute, but she also testified at trial as part of the State's case-in-chief and was then subject to full cross-examination. Her live testimony was a recounting of the same sexual experience with the appellant as had already been presented to the jury by videotape. Before Severn was able to cross-examine the child, the State had thus introduced the videotaped testimony of the complainant and later live testimony that was a reiteration of the incident detailed in the videotaped session. This is precisely the situation described in *Long*, 742 S.W.2d at 322. The distinction between *Long* and the present case is that in *Long* the State called the child victim to testify as a rebuttal witness, while in the present case the State called the child to testify as part of its case-in-chief. The court in *Long* found the lack of contemporaneous cross-examination to be an abuse of due process as an unconstitutional deprivation of the right to confrontation. As a result, Long was never fully afforded his right to confront the witness against him at trial.

Our review of the testimony in the present case yields the following information. An employee of Mental Health Mental Retardation, Susan Sullivan, testified as an outcry witness for the State. She testified that the child told her in some detail that her uncle had "played with my privates." A Department of Human Services employee, Norma Teague, testified about the conditions under which the videotape was filmed and that the drawings entered into evidence were the same as those made by the child on the videotape. The videotape was played, following which the child was immediately called as a witness by the State and testified about the manner in which her uncle fondled her. Defense counsel had full opportunity for cross-examination at this point. The child's testimony at trial was repetitive of her taped testimony. She also contradicted part of her testimony on the videotape by denying her previous claim that several young male relatives had also engaged in sexual activities with her.

The evidence produced by the videotape added nothing to the State's case against the defendant. If anything, it tended to lessen her credibility because counsel was able to point out the discrepancies between her original statements and her testimony at trial. Because the State produced the child as a witness in its case-in-chief and she was subject to full cross-examination, and after reviewing the testimony of the child and Susan Sullivan and the other evidence, we find beyond a reasonable doubt that the videotape of the child did not contribute to the conviction of the defendant. The error in admitting the videotape was therefore harmless.

We affirm the judgment of the trial court.