**Ex parte Dario CASAREZ.**

**No. 48205.**

Court of Criminal Appeals of Texas.

May 1, 1974.

---

Fred Fick, Fort Worth, for appellant.

Jim. D. Vollers, State's Atty., Austin, for the State.

## OPINION ON PETITIONER'S MOTION FOR REHEARING

ODOM, Judge.

Our opinion on original submission is withdrawn, but we adopt the following statement of the facts in this case contained therein:

"This is a post-conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P., by the petitioner, an inmate of the Texas Department of Corrections.

"Petitioner was convicted of the offense of 'burglary of a private residence at nighttime by the use of firearms' in Cause No. 72,603 in the Criminal District Court of Tarrant County on May 12, 1967, and assessed a term of eighteen years' confinement. No appeal was perfected.

"Petitioner filed an application for writ of habeas corpus alleging that his conviction was tainted by the admission in evidence, during the punishment stage of the trial, of a prior aggravated assault conviction which was void because he was not represented by counsel at the time of the trial of that case, and was indigent, and was deprived of his right to counsel. The trial court did not conduct a hearing, but entered findings of fact and conclusions of law denying the application on July 31, 1973.

"Pursuant to our order of September 6, 1973, the trial court appointed counsel for petitioner, and conducted an evidentiary hearing on November 12, 1973 to determine the merits of petitioner's contentions.[1] Evidence was heard, after which the trial court found that at the trial in Cause No. 72,603, supra, resulting in petitioner's conviction and eighteen-year sentence, evidence of three convictions of petitioner for misdemeanor aggravated assault was introduced by the State at the punishment stage of the trial, in each of which prior convictions the punishment included imprisonment in jail; that petitioner was indigent and confined in jail at the time of each of the convictions; that he was not represented by counsel in any of the cases; that he was not advised of his right to appointed counsel; and that petitioner did not knowingly and intelligently waive his right to counsel.

"In addition, the court also found that 'The evidence concerning the three prior

1. "On November 1, 1973, petitioner filed in the trial court a supplement to his petition alleging two additional prior void misdemeanor convictions introduced in evidence in Cause No. 72,603.

convictions of petitioner was not objected to by petitioner or his attorney, and was admitted into evidence before the jury."

■ The findings of fact are supported by the record. Under prior decisions of this Court the prior convictions were void and therefore inadmissible on the trial of Cause 72,603, supra. E. g., Ramirez v. State, Tex.Cr.App., 486 S.W.2d 373. See also Walker v. State, Tex.Cr.App., 486 S. W.2d 330; Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319; Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530; Tucker v. United States, 389 U.S. 888, 88 S.Ct. 128, 19 L.Ed.2d 189; Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374.

The facts in this case are distinguishable from those found in Aldrighetti v. State, 507 S.W.2d 626 (1974), in that petitioner was assessed punishment including imprisonment upon his prior misdemeanor convictions, whereas Aldrighetti's prior misdemeanor conviction resulted in no such confinement being assessed. The situation in Aldrighetti was therefore held to be outside the scope of the requirement of counsel in misdemeanor cases announced in Argersinger v. Hamlin, supra.

■ Petitioner's trial resulting in the challenged conviction as stated above was had on May 12, 1967, over five years before the decision in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), upon which our opinion in *Ramirez*, supra, was grounded. Consequently, counsel's failure to object upon a ground not yet established as a defect of constitutional magnitude did not constitute a waiver. Ex parte Taylor, 484 S.W.2d 748 (Tex.Cr.App.1972).

The relief prayed for is granted. The petitioner is ordered released to the Sheriff of Tarrant County to answer the indictment in Cause No. 72,603 in the Criminal District Court of that county.

It is so ordered.