**Ex parte James TURNER.**

No. 52855.

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

Michael A. Thomas, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and David A. Hess, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is a post-conviction habeas corpus proceeding authorized by Article 11.07, V.A. C.C.P.

The petitioner was convicted for the offense of burglary in the 140th District Court of Lubbock County, on September 21, 1965; two prior felony convictions were alleged for purposes of enhancement of punishment. On October 21, 1965, the petitioner was sentenced to life imprisonment as an habitual criminal. That conviction, in which the appellant did not file a brief, was affirmed in *Turner v. State,* 409 S.W.2d 400 (Tex.Cr.App.1966). Thereafter an out-of-time appeal was allowed, an attorney was appointed to represent Turner on appeal, and this Court again affirmed the conviction in *Turner v. State,* 471 S.W.2d 56 (Tex. Cr.App.1971).

Petitioner urges that he was denied the right to call coindictee James Arthur Columbus as a witness on the basis of Article 82, V.A.P.C. and Article 711, V.A.C.C.P.[1] Those statutes were held unconstitutional in *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), because they denied to a defendant his constitutional rights to have compulsory process for obtaining witnesses. This Court held in *Ex parte Pennington,* 471 S.W.2d 578 (Tex.Cr. App.1971), that the holding in *Washington v. Texas,* supra, will be given full retroactive application.

The application for habeas corpus now before us was filed in the 140th District

1. Columbus was granted relief in his petition for habeas corpus, on the same grounds as urged here, in *Ex parte Columbus,* 489 S.W.2d 562 (Tex.Cr.App.1973).

Court of Lubbock County and a hearing to develop the facts was held.

At petitioner's writ hearing Columbus testified that if he had been allowed to testify at petitioner's trial, his testimony would have been that he and Turner had been hired to clean the building in question by Herman Gilbert; that they were let in the front door by Gilbert; that he told them to wait while he went to get some detergent; and that while they were waiting the police arrested them. Petitioner testified at the hearing that he wanted Columbus to testify at his trial and that his lawyer told him that the District Attorney would not allow him to testify because of the law in effect at that time. Petitioner also offered the testimony of Alton Griffin, who was District Attorney in 1965. Griffin testified that although he had only a faint recollection of the case, that very definitely he would not have allowed co-indictee Columbus to testify because he was not a qualified witness under the law at that time. An affidavit of Dave Everton, petitioner's attorney at trial, states that he did not call Columbus because his testimony would not have been allowed because of the law in effect at that time.

Judge Denzil Bevers at the habeas corpus hearing found, among other things, that at the time of appellant's trial Columbus was a willing and available witness; he was physically and mentally competent to testify; his testimony would have been material and relevant; and that each defendant related the same defense in their respective trials. He also found that petitioner did not subpoena Columbus, did not advise the court of his desire, and did not perfect a bill of exception. However, the judge found that petitioner's lawyer probably did seek to obtain the District Attorney's agreement to let Columbus take the stand, but was unsuccessful.

The State argues that the disposition of the petitioner's case is controlled by the "*Zerschausky* line of cases."[2] This Court held in *Ex parte Zerschausky,* 417 S.W.2d 279 (Tex.Cr.App.1967), that the *Washington* case was not inconsistent with its holding that relief be denied, because the petitioner at his original trial never sought admission of the testimony of the witnesses indicted as accessories.

Zerschausky subsequently sought relief by way of writ of habeas corpus in the federal courts. The Fifth Circuit affirmed the District Court's denial of relief in *Zerschausky v. Beto,* 396 F.2d 356 (5th Cir. 1968). In doing so Judge Goldberg stated:

"The district court also found that the testimony which would have been given by the accessories would have conflicted in several respects with the appellant's theory of self-defense. Finally, the court determined that the testimony would have been highly incriminating to those giving it. Noting that the appellant had waited to complain until charges had been dropped against the accessories and until the statute of limitation had run, the district court found, 'the conclusion is inevitable that they were either deliberately by-passed as a part of the trial strategy, or that the present attempt to raise the constitutional issue had come as an afterthought.'" 396 F.2d at 358.

The Court of Appeals concluded that appellant's failure to call the witnesses was the result of voluntary and conscious trial strategy and not mere docile obedience to the Texas statute.

The case at hand is distinguishable from the *Zerschausky* cases. Here the district court found that the witness Columbus was available and willing to testify; he was physically and mentally competent; his testimony would have been material and relevant and each defendant related the same defense in their respective trials. Furthermore, the court concluded after the habeas corpus hearing, "With the defense being the same for each of them and with Turner

**2.** *Ex parte Zerschausky,* 417 S.W.2d 279 (Tex. Cr.App.1967); *Zerschausky v. Beto,* 274 F.Supp. 231 (W.D.Tex.1967); *Zerschausky v.* *Beto,* 396 F.2d 356 (5th Cir. 1968), cert. den. 393 U.S. 1004, 89 S.Ct. 493, 21 L.Ed.2d 468 (1968).

knowing that he had not been allowed to testify at the Columbus trial, it seems almost conclusive that his failure to insist on having Columbus for a witness was merely in docile obedience to the Statutes and not a deliberate trial strategy."

This Court denied relief in the case of *Ex parte Kirk,* 478 S.W.2d 503 (Tex.Cr.App. 1972), stating that the facts "sufficiently withdrew it from the reaches of *Washington.*" The facts in *Kirk* are also distinguishable from the case at bar. In *Kirk* the petitioner alleged that if his co-principal, Luton, had been called as a witness, he would have testified that he and a second person, not the petitioner, committed the robbery for which the petitioner was convicted. The district court at the writ hearing found that the petitioner never requested or attempted to call Luton as a witness nor did he show that the witness was willing to testify. The record did not show what Luton would have testified to at the trial, nor did the petitioner at any time ask Luton, before Luton was executed, the name or identity of the alleged second robber.

In the instant case, while petitioner did not call his co-indictee Columbus to the stand or have a subpoena issued to compel his attendance, the facts as found by the trial court are sufficient to show that this was not due to any intentional waiver or trial strategy. The petitioner's trial was on September 21, 1965, almost two years before the decision in *Washington v. Texas,* supra. It would be unreasonable to expect the petitioner to anticipate the future decision of the United States Supreme Court. See *Ex parte Taylor,* 484 S.W.2d 748 (Tex. Cr.App.1972); *Boulware v. State,* 542 S.W. 2d 677 (Tex.Cr.App., delivered October 6, 1976). Therefore, we hold that there was no intentional waiver by not calling Columbus to the stand at trial since the "failure to object upon a ground not yet established as a defect of constitutional magnitude did not constitute a waiver." *Ex parte Casarez,* 508 S.W.2d 620 (Tex.Cr. App.1974); *Boulware v. State,* supra.

Although petitioner's out-of-time appeal was decided after the decision in *Washington,* his trial was held prior to that decision. The record, as it stood then, would not have been sufficient to show that the petitioner was harmed by not allowing him to present the testimony of a co-indictee, Columbus.

For the reasons stated, the relief prayed for is granted. The judgment of conviction is set aside and the petitioner ordered remanded to the custody of the Sheriff of Lubbock County to answer the indictment in the cause.

Opinion approved by the Court.