PD-0621-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/26/2015 9:50:50 AM
Accepted 5/26/2015 10:57:35 AM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**MELANIE STORM**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No.1373849D from Criminal District
Court No. One of Tarrant County, Texas,
and Cause No. 02-14-00419-CR in the
Court of Appeals for the Second District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

FILED IN
COURT OF CRIMINAL APPEALS

May 26, 2015

ABEL ACOSTA, CLERK

Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax:  (817) 222-3330
Email: lawfactor@yahoo.com
Attorney for Petitioner
Melanie Storm

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Court Judge: | Hon. Elizabeth |
| Petitioner: | Melanie Storm |
| Petitioner's Trial Counsel: | Hon. Jack Duffy<br>TBN: 06168950<br>Attorney at Law<br>6220 Midway<br>Haltom City, Texas 76117 |
| Petitioner's Counsel on Appeal: | Hon. Abe Factor<br>TBN: 06768500<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117<br>Phone: (817) 222-3333 |
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Hon. Sam Williams<br>TBN: 24034742<br>District Attorney's Office<br>401 W. Belknap<br>Fort Worth, Texas 76196 |
| Appellee's Counsel on Appeal: | Hon. Charles Mallin<br>TBN: 12867400<br>Hon. Helena Faulkner<br>TBN: 06855600<br>District Attorney's Office<br>401 W. Belknap Street<br>Fort Worth, Texas 76196 |

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . .ii

TABLE OF CONTENTS. . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . .iii

INDEX OF AUTHORITIES. . .. . . . . . . . . . . . . . . . . . . . . . . . . . . .v

STATEMENT REGARDING ORAL ARGUMENT.. . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . .. . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . .. . . . . . . . . . . . . .1

GROUNDS FOR REVIEW. . . .. . . . . . . . . . . . . . . . . . . . . . . . .2

REASONS FOR REVIEW. . . .. . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

I.      Ms. Storm's right to confront the witnesses against her was
        violated when the trial court considered the PSI at
        punishment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

        A.      *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

        B.      *Opinion Below*. . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        C.      *Preservation of Error*. . . . . . . . . . . . . . . . . . . . . . . .3

        D.      *Confrontation Clause Principles*. . . . . . . . . . . . . . . . .5

        E.      *Application*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

        F.      *Harm Analysis*. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

# INDEX OF AUTHORITIES

*Cases*                                                                                    *page*

*Black v. State,*
        816 S.W.2d 350 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . .3

*Crawford v. Washington,*
        541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). . . . . . . 4, 5, 9

*Davis v. Washington,*
        547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). . . . . . .6-7, 9

*Davis v. State,*
        203 S.W.3d 845 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . .10

*De La Paz v. State,*
        273 S.W.3d 671 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . .5, 6

*Ex parte Casarez,*
        508 S.W.2d 620 (Tex. Crim. App. 1974). . . . . . . . . . . . . . . . . . .4

*Ex Parte Hathorn,*
        296 S.W.3d 570 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . .3

*Huizar v. State,*
        12 S.W.3d 479 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . .7

*Langham v. State,*
        305 S.W.3d 568 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . . . .6

*McNac v. State,*
        215 S.W.3d 420 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . .9

*Pointer v. Texas,*
        380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). . . . . . . . . . . . 5

*Russeau v. State,*
        171 S.W.3d 871 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . .8

*Smith v. State*,
   227 S.W.3d 753 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . .2, 4, 5

*Storm v. State*,
   02-14-00419-CR, 2015 WL 1868864 (Tex. App.–
      Fort Worth, April 23, 2015, no. pet. h.)
         (mem. op., not designated for publication). . . . 1, 3

*Stringer v. State*,
   309 S.W.3d 42 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . .2, 4, 5

*Ex parte Turner*,
   542 S.W.2d 187 (Tex. Crim. App. 1976). . . . . . . . . . . . . . . . . .4

*Wall v. State,*
   184 S.W.3d 730 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . .9-10

*Whorton v. Bockting,*
   549 U.S. 406, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007). . . . . . . . . . . . 6

**Constitutions**

U.S. CONST. amend. VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

**Statutes**

TEX. CRIM. PROC. CODE ANN. §37.07(3)(a) (West Supp. 2014). . . . . . . 7-8

TEX. CRIM. PROC. CODE ANN. § 37.07(3)(d) (West Supp. 2014). . . . . 6, 7

TEX. CRIM. PROC. CODE ANN. § 42.12(9)(a) (West Supp. 2014). . . . . 6, 7

TEX. PENAL CODE ANN. § 31.03(f)(4) (West Supp. 2014). . . . . . . . . . . . .1

**Court Rules**

TEX. R. APP. P. 44.2(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

On July 23, 2014, Melanie Storm ("Ms. Storm" or "Appellant") was charged by indictment with theft under $1500 with two prior theft convictions. (C.R. 5); *See* TEX. PENAL CODE ANN. § 31.03(f)(4) (West Supp. 2014). On August 8,2014,Ms.Storm entered an open plea of guilty to the charged offense. (C.R. 22; II R.R. 5). The trial court continued the proceedings pending the preparation of a Presentence Investigation Report ("PSI"), until September 29, 2014. (II R.R. 5; III R.R. St. Ex. 1). On that date, the trial court sentenced Ms. Storm to one (1) year incarceration in state jail. (C.R. 24; II R.R. 21). A Timely Notice of Appeal was filed on October 7, 2014. (C.R. 30). This appeal ensued.

## STATEMENT OF PROCEDURAL HISTORY

The opinion by the Second Court of Appeals affirming Ms. Storm's conviction was handed down on April 23, 2015. *See Storm v. State*, 02-14-00419-CR, 2015 WL 1868864 (Tex. App.–Fort Worth, April 23, 2015, no. pet. h.) (mem. op., not designated for publication). This

timely Petition for Discretionary review ensued.

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW ONE

I.    **Ms. Storm's right to confront the witnesses against her was violated when the trial court considered the PSI at punishment.**

## REASONS FOR REVIEW

1.    The decision by the Second Court of Appeals has decided an important question of state law in a way that comports with the applicable decisions of the Court of Criminal Appeals, but this Court is invited revisit and overrule or modify those decisions.

## ARGUMENT

## GROUND FOR REVIEW ONE (Restated)

I.    **Ms. Storm's right to confront the witnesses against her was violated when the trial court considered the PSI at punishment.[1]**

    **A.    *Facts***

At the punishment hearing held on September 29, 2014, the trial

---

[1] Undersigned counsel is aware that this Court has directly held adverse to Appellant's argument on this point. *See Stringer v. State*, 309 S.W.3d 42 (Tex. Crim. App. 2010); *Smith v. State*, 227 S.W.3d 753 (Tex. Crim. App. 2007). The argument for a change or reversal in the law is presented here for further review.

court admitted into evidence the PSI prepared by the Tarrant County Community Supervision and Corrections Department. (II R.R. 5; III R.R. St. Ex. 1). Additionally, the trial court stated on the record that it was taking judicial notice of its contents. (II R.R. 6). At no time did trial counsel for Ms. Storm raise an objection to the matters included in the PSI. Based on the evidence set forth in the PSI, the trial court denied Ms. Storm's request for probation and sentenced her to one (1) year incarceration. (II R.R. 19, 21).

### B. *Opinion Below*

The Opinion of the Second Court of Appeals failed to address Ms. Storm's substantive complaint, but merely held that her complaint had not been preserved in the trial court. *See Storm*, 2015 WL 1868864 at *3 (citing *Ex Parte Hathorn*, 296 S.W.3d 570, 572 (Tex. Crim. App. 2009).

### C. *Preservation of Error*

The Court of Criminal Appeals has held that under circumstances where the law is well-settled to the point where any objection in the trial court would be futile, the claim will not be considered forfeited for later review. *See Hathorn*, 296 S.W.3d at 572 (citing *Black v. State*, 816 S.W.2d 350 (Tex. Crim. App. 1991) ("Given the

settled state of the case law at the time of appellant's trial, we refuse to fault him or his attorney for failing to object. . . .Under the established precedent, the trial judge would have been correct in overruling the objection. . . ."); *See also Ex parte Turner*, 542 S.W.2d 187, 189 (Tex. Crim. App. 1976) ("[I]t would be unreasonable to expect the petitioner to anticipate the future decision of the United States Supreme Court," [and held that there was no intentional waiver for failing] "to object upon a ground not yet established as a defect of constitutional magnitude." (citing *Ex parte Casarez*, 508 S.W.2d 620 (Tex. Crim. App. 1974)).

In *Smith v. State*, 227 S.W.3d 753 (Tex. Crim. App. 2007), and later in *Stringer v. State*, 309 S.W.3d 42 (Tex. Crim. App. 2010), the Court of Criminal Appeals explicitly held that extraneous misconduct evidence could be considered at punishment if included in a PSI even where it was not shown beyond a reasonable doubt that the defendant had committed the misconduct, *Smith*, 227 S.W.3d at 763, and the Confrontation Clause protections articulated in *Crawford v. Washington*[2] do not apply at a non-capital sentencing to a PSI used by the judge in

---

[2]

*Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

4

determining the punishment. *Stringer*, 309 S.W.3d at 48. Thus, any objection at trial would necessarily been overruled by the trial court. *Id.*; *Smith*, 227 S.W.3d at 763.

### D. *Confrontation Clause Principles*

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right. . .to be confronted with the witnesses against him." U.S. CONST. amend. VI. This procedural guarantee applies to both federal and state prosecutions. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965); *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008). Consistent with the Confrontation Clause guarantee, a testimonial hearsay statement may be admitted in evidence against a defendant "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 1373–74, 158 L.Ed.2d 177 (2004); *see De La Paz*, 273 S.W.3d at 680. "[T]he *Crawford* rule reflects the Framers' preferred mechanism (cross-examination)for ensuring that inaccurate out-of-court testimonial statements are not used to convict an accused."

5

*Whorton v. Bockting*, 549 U.S. 406, 418, 127 S.Ct. 1173, 1182, 167 L.Ed.2d 1 (2007); *De La Paz*, 273 S.W.3d at 680. "Generally, speaking, a hearsay statement is 'testimonial' when the surrounding circumstances objectively indicate that the primary purpose of the interview or interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *De La Paz*, 273 S.W.3d at 680. Whether a statement is testimonial is a question of law. *Id.*; *see Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010).

Virtually all statements in a PSI that reflect negatively on the defendant will constitute "testimonial" statements for Confrontation Clause purposes. They are gathered by a state employee, a supervision officer. TEX. CRIM. PROC. CODE ANN. § 42.12(9)(a) (West Supp. 2014). They are for the express purpose of use in a probation or sentencing determination concerning the defendant. TEX. CRIM. PROC. CODE ANN. § 37.07(3)(d) (West Supp. 2014). They are not street-corner "nontestimonial" statements but instead are statements that a reasonable declarant would recognize, or would have been expressly told, were for use in a probation or sentencing decision concerning the defendant. *See, e.g., Davis v. Washington*, 547 U.S. 813, 821–24, 126 S.Ct.

2266, 2273–74, 165 L.Ed.2d 224 (2006).

By statute, a PSI is an ex parte communication providing hearsay evidence to the trial court, denying a defendant the right to confront witnesses against him in open court. *See* TEX. CRIM. PROC. CODE ANN §§ 37.07(3)(d), 42.12(9). The PSI statute not only violates the Confrontation Clause; its ex parte nature undermines our system of public trials. Nothing in our law prevents the State's offering a PSI into evidence through a sponsoring witness. Nothing prevents the State's offering a defendant's criminal history through a sponsoring witness. A jury assessing punishment does not require a PSI. A jury hears witnesses and examines evidence in open court to determine the appropriate sentence.

In a jury trial, a jury must be instructed that they may not consider extraneous offenses or acts of misconduct unless they believe beyond a reasonable doubt that the defendant committed those acts and offenses. *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).The State, then, bears a burden of proof beyond a reasonable doubt when it seeks to prove extraneous offenses at the punishment phase of a jury trial. *See* TEX. CRIM. PROC. CODE ANN. §37.07(3)(a) (West

7

Supp. 2014). The State should not be relieved of its burden of proof merely because the trial judge assesses punishment.

Additionally, the protections of the Confrontation Clause apply to the punishment phase of trial. *See Russeau v. State*, 171 S.W.3d 871, 880–81 (Tex. Crim. App. 2005). In addressing reports admitted at the punishment phase, the Texas Court of Criminal Appeals held in *Russeau v. State*,

> The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right. . .to be confronted with the witnesses against him." This procedural guarantee is applicable in both federal and state prosecutions and bars the admission of testimonial statements of a witness who does not appear at trial unless he is unavailable to testify and the defendant had a prior opportunity to cross-examine him. Generally speaking, a statement is "testimonial" if it is a solemn declaration made for the purpose of establishing some fact.
>
> The reports in question contained testimonial statements which were inadmissible under the Confrontation Clause, because the State did not show that the declarants were unavailable to testify and appellant never had an opportunity to cross-examine any of them. Indeed, the statements in the reports amounted to unsworn, ex parte affidavits of government employees and were the very type of evidence the Clause was intended to prohibit. The trial court erred in admitting those portions of the reports that contained the testimonial statements.

*Id.*

8

### E.    *Application*

Here, though no witnesses testified at punishment, the PSI compiled by the probation officer was admitted into evidence. (III R.R. St. Ex. 1). The information included in the PSI is clearly testimonial, in that much of it is composed of out-of court statements meant to be used against Ms. Storm at her trial on punishment. *See Davis v.Washington*, 547 U.S. at 821–24,126 S.Ct.at2273–74. Much of the information is detrimental to Ms. Storm. (III R.R. St. Ex. 1). The admission of such testimonial statements violates the Sixth Amendment right possessed by all criminal defendants to confront the witnesses against them. U.S. CONST. amend. VI; *Crawford v. Washington*, 541 U.S. at 68,124 S.Ct. at 1373–74.The trial court erred by admitting the PSI in violation of the Sixth Amendment.

### F.    *Harm Analysis*

*Crawford* error is constitutional error subject to a harm analysis under Rule 44.2(a) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(a); *McNac v. State*, 215 S.W.3d 420, 421 (Tex. Crim. App. 2007). Ms. Storm's sentence must be reversed unless it can be found beyond a reasonable doubt that the error did not contribute to her punishment. *Wall v. State*, 184 S.W.3d 730, 745-46 (Tex. Crim. App.

2006). The Court of Criminal Appeals has established four factors to be considered in analyzing harm from *Crawford* error: (1) the importance of the hearsay statements to the State's case; (2) whether the hearsay evidence was cumulative of other evidence; (3) the presence or absence of evidence corroborating or contradicting the hearsay testimony on material points; (4) the overall strength of the State's case. *Davis v. State*, 203 S.W.3d 845, 852 (Tex. Crim. App. 2006).

The only evidence presented by the state at punishment was the PSI. The trial court ultimately denied Ms. Storm's request for probation and sentenced her to prison. Moreover, the State emphasized the extraneous acts of misconduct presented in the PSI in its closing argument to the trial court. (II R.R. 20-21).

It is impossible to conclude that the error did not contribute to the conviction or punishment; thus, Ms. Storm was harmed by its admission, and the judgment of the trial court should be reversed. *See* TEX. R. APP. P. 44.2(a).

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal

10

Appeals, and that upon reviewing the judgment entered below, that this Court reverse the opinion of the Second Court of Appeals.

Respectfully submitted,

 /s/Abe Factor
Abe Factor
TBN: 06768500
Factor,  Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax:  (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Melanie Storm

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 2,799.

 /s/Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 26th day of May, 2015.

 /s/Abe Factor
Abe Factor

## APPENDIX

1. Opinion of the Second Court of Appeals



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00419-CR

---

MELANIE STORM                                                                                      APPELLANT

V.

THE STATE OF TEXAS                                                                                       STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1373849D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Melanie Storm entered an open plea of guilty to theft of property under $1,500 with two prior convictions. At the sentencing hearing that eventually followed, the trial court admitted a presentence investigation report (PSI), found Storm guilty, and sentenced her to one year's confinement in state jail. In a single point, Storm argues that her Sixth Amendment right to

---

[1]*See* Tex. R. App. P. 47.4.

confrontation was violated when the trial court admitted the PSI at the sentencing hearing.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263. Numerous constitutional rights, including the right to confrontation, may be forfeited for purposes of appellate review unless they are properly preserved. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd).

Here, Storm did not assert any objection, including on confrontation grounds, when the State offered the PSI. In fact, Storm affirmatively stated, "No objection." Pointing out that the court of criminal appeals has held contrary to her issue on the merits and that an objection to the PSI on confrontation grounds "would necessarily [have] been overruled by the trial court," Storm contends that she did not have to object to the PSI on confrontation grounds because when

"the law is well-settled to the point where any objection in the trial court would be futile, the claim will not be considered forfeited for later review." This is only part of the exception. The preservation exception may apply when the relief sought by the appellant becomes available after trial and the appellant, therefore, could not have been expected to preserve error by objecting at trial. *See, e.g.,* *Ex parte Hathorn*, 296 S.W.3d 570, 572 (Tex. Crim. App. 2009). As the State observes, however, Storm "does not seek to avail herself of a right based on a favorable change in the law that occurred after her sentencing hearing; instead, she seeks to change existing case law." The preservation exception that Storm relies upon is clearly inapplicable under the circumstances. Accordingly, Storm forfeited this point for appellate review. We overrule her sole point and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 23, 2015

3