# PD-1390-15

PD-1390-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/30/2015 10:20:10 AM
Accepted 11/2/2015 12:26:55 PM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**DUANE REID**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No. 17125 from the 271st Criminal
District Court of Wise County, Texas,
and Cause No. 02-14-00376-CR in the
Court of Appeals for the Second District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax:  (817) 222-3330
Email: lawfactor@yahoo.com
Attorney for Petitioner
Duane Reid

FILED IN
COURT OF CRIMINAL APPEALS

November 2, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Court Judge: | Hon. John Fostel |
| Petitioner: | Duane Reid |
| Petitioner's Trial Counsel: | Terry Barlow<br>TBN: 01758300<br>Dunham Law Firm<br>1110 E. Weatherford Street<br>Fort Worth, Texas 76102 |
| Petitioner's Counsel<br>on Appeal: | Abe Factor<br>TBN: 06768500<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117 |
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Jay Lapham<br>TBN: 00784448<br>Assistant District Attorney<br>101 N. Trinity, Suite 200<br>Decatur, Texas 76234 |
| Appellee's Counsel<br>on Appeal: | Greg Preston Lowery<br>TBN: 00787926<br>Assistant District Attorney<br>101 N. Trinity, Suite 200<br>Decatur, Texas 76234 |

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

INDEX OF AUTHORITIES. . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .v

STATEMENT REGARDING ORAL ARGUMENT.. . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . .. . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . .. . . . . . . . . . . . . .1

GROUNDS FOR REVIEW. . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . .2

REASONS FOR REVIEW. . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

I.      The court of appeals erred in holding that Petitioner had
        forfeited his complaint that his right to confrontation was
        violated when the trial court considered the PSI at
        punishment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        A.      *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        B.      *Opinion Below*. . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        C.      *Preservation of Error*. . . . . . . . . . . . . . . . . . . . . . .4

        D.      *Confrontation Clause Principles*. . . . . . . . . . . . . . .5

        E.      *Application*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

        F.      *Harm Analysis*. . . . . . . . . . . . . . . . . . . . . . . . . . .10

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . .12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

# INDEX OF AUTHORITIES

*Cases*             *page*

*De La Paz v. State*,
     273 S.W.3d 671 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . . . . .6

*Ex parte Hathorn*,
     296 S.W.3d 570 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . .4

*Huizar v. State*,
     12 S.W.3d 479 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . .8

*Langham v. State*,
     305 S.W.3d 568 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . . . . . .6

*McNac v. State*,
     215 S.W.3d 420 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . .10

*Pointer v. Texas*,
     380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). . . . . . . . . . . . 6

*Reid v. State*,
     02-14-00376-CR, 2015 WL 5634251 (Tex. App.–
         Fort Worth, September 24, 2015, no. pet. h.)
             (mem. op., not designated for publication). . . . 2, 4

*Reyes v. State*,
     361 S.W.3d 222 (Tex. App.–Fort Worth 2012, pet. ref'd). . . . . . .4

*Russeau v. State*,
     171 S.W.3d 871 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . 8, 9

*Smith v. State*,
     227 S.W.3d 753 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . .3, 5

*Stringer v. State*,
     309 S.W.3d 42 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . . . . . .3, 5

*Ex parte Turner,*
      542 S.W.2d 187 (Tex. Crim. App. 1976). . . . . . . . . . . . . . . . . . . . .4

*Wall v. State,*
      184 S.W.3d 730 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . .10

*Whorton v. Bockting,*
      549 U.S. 406, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007). . . . . . . . . . . . 6

### Constitutions

U.S. CONST. amend. VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

### Statutes

TEX. CRIM. PROC. CODE ANN. §37.07(3)(a) (West Supp. 2014). . . . . . . . 8

TEX. CRIM. PROC. CODE ANN. § 37.07(3)(d) (West Supp. 2014). . . . . . . 7

TEX. CRIM. PROC. CODE ANN. § 42.12(9)(a) (West Supp. 2014). . . . . . . .7

TEX. PENAL CODE ANN. § 31.03(e)(5) (West Supp. 2014). . . . . . . . . . . . 1

### Court Rules

TEX. R. APP. P. 44.2(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 11

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

On March 27, 2013, Petitioner Duane Reid ("Mr. Reid" or "Petitioner") was indicted for the third degree felony offense of theft, alleged to have occurred on August 16, 2012. (C.R. 6); *see* TEX. PENAL CODE ANN. § 31.03(e)(5) (West Supp. 2014). On August 12,2014, Mr. Reid entered an open plea of guilty to the charged offense. (C.R. 37-43). The trial court continued the proceedings pending the preparation of a Presentence Investigation Report ("PSI"), until September 4, 2014. (II R.R. *passim*). On that date, the trial court sentenced Mr. Reid to eight (8) years incarceration in the Texas Department of Criminal Justice. (C.R. 44; II R.R. 36). A timely Motion for New Trial and Motion in Arrest of Judgment was filed on September 16, 2014, which was overruled by operation of law. (C.R. 48). A Timely Notice of Appeal was filed on September 16, 2014. (C.R. 47).

## STATEMENT OF PROCEDURAL HISTORY

The opinion by the Second Court of Appeals affirming

1

Petitioner's conviction was handed down on September 24, 2015. *Reid v. State*, 02-14-00376-CR, 2015 WL 5634251 (Tex. App.–Fort Worth, September 24, 2015, no. pet. h.) (mem. op., not designated for publication). A timely Motion to Extend Time to File Petition for Discretionary Review was granted, thus, this Petition for Discretionary review is timely.

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW ONE

**I.     The court of appeals erred in holding that Petitioner had forfeited his complaint that his right to confrontation was violated when the trial court considered the PSI at punishment.**

## REASONS FOR REVIEW

1.     The decision by the Second Court of Appeals has decided an important question of state law in a way that comports with the applicable decisions of the Court of Criminal Appeals, but this Court is invited revisit and overrule or modify those decisions.

2

## ARGUMENT

## GROUND FOR REVIEW ONE (Restated)

I.     **The court of appeals erred in holding that Petitioner had forfeited his complaint that his right to confrontation was violated when the trial court considered the PSI at punishment.[1]**

A.     *Facts*

At the punishment hearing held on September 29, 2014, the trial court admitted into evidence the PSI prepared by the Wise County Community Supervision and Corrections Department. (II R.R. 5; III R.R. St. Ex. 1). Additionally, the trial court stated on the record that it had "considered all matter relevant to this case." (II R.R. 36). At no time did trial counsel for Mr. Reid raise an objection to the matters included in the PSI. Based on the evidence set forth in the PSI, the trial court denied Mr. Reid's request for probation and sentenced him to eight (8) year incarceration. (C.R. 44; II R.R. 36).

B.     *Opinion Below*

The Opinion of the Second Court of Appeals failed to address

---

[1] Undersigned counsel is aware that this Court has directly held adverse to Petitioner's argument on this point. *See Stringer v. State*, 309 S.W.3d 42 (Tex. Crim. App. 2010)*; Smith v. State*, 227 S.W.3d 753 (Tex. Crim. App. 2007). The argument for a change or reversal in the law is presented here for further review.

Petitioner's substantive complaint, but merely held that his complaint had not been preserved in the trial court. *Reid*, 2015 WL 5634251 at *1 (citing *Reyes v. State*, 361 S.W.3d 222, 229 (Tex. App.–Fort Worth 2012, pet. ref'd).

### C.    *Preservation of Error*

This Court has held that under circumstances where the law is well-settled to the point where any objection in the trial court would be futile, the claim will not be considered forfeited for later review. *Ex parte Hathorn*, 296 S.W.3d 570, 572 (Tex. Crim. App. 2009) (citing *Black v. State*, 816 S.W.2d 350 (Tex. Crim. App. 1991)) ("Given the settled state of the case law at the time of appellant's trial, we refuse to fault him or his attorney for failing to object. . . .Under the established precedent, the trial judge would have been correct in overruling the objection. . . ."); *See also Ex parte Turner*, 542 S.W.2d 187, 189 (Tex. Crim. App. 1976) ("[I]t would be unreasonable to expect the petitioner to anticipate the future decision of the United States Supreme Court," [and held that there was no intentional waiver for failing] "to object upon a ground not yet established as a defect of constitutional magnitude." (citing *Ex parte Casarez*, 508 S.W.2d 620 (Tex. Crim. App. 1974)).

In *Smith v. State*, 227 S.W.3d 753 (Tex. Crim. App. 2007), and later in *Stringer v. State*, 309 S.W.3d 42 (Tex. Crim. App. 2010), this Court held that extraneous misconduct evidence could be considered at punishment if included in a PSI even where it was not shown beyond a reasonable doubt that the defendant had committed the misconduct, *Smith*, 227 S.W.3d at 763, and the Confrontation Clause protections articulated in *Crawford v. Washington*[2] do not apply at a non-capital sentencing to a PSI used by the judge in determining the punishment. *Stringer*, 309 S.W.3d at 48. Thus, any objection at trial would necessarily been overruled by the trial court. *Id.*; *Smith*, 227 S.W.3d at 763. Since any objection would have been futile, the Second Court of Appeals should have held that Mr. Reid's complaint had been preserved for appeal. *Hathorn*, 296 S.W.3d at 572.

**D.** *Confrontation Clause Principles*

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right. . .to be confronted with the witnesses against him." U.S. CONST. amend. VI. This procedural guarantee

---

[2] *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

5

applies to both federal and state prosecutions. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965); *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008). Consistent with the Confrontation Clause guarantee, a testimonial hearsay statement may be admitted in evidence against a defendant "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 1373–74, 158 L.Ed.2d 177 (2004); *see De La Paz*, 273 S.W.3d at 680. "[T]he *Crawford* rule reflects the Framers' preferred mechanism (cross-examination) for ensuring that inaccurate out-of-court testimonial statements are not used to convict an accused." *Whorton v. Bockting*, 549 U.S. 406, 418, 127 S.Ct. 1173, 1182, 167 L.Ed.2d 1 (2007); *De La Paz*, 273 S.W.3d at 680. "Generally, speaking, a hearsay statement is 'testimonial' when the surrounding circumstances objectively indicate that the primary purpose of the interview or interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *De La Paz*, 273 S.W.3d at 680. Whether a statement is testimonial is a question of law. *Id.*; *see also Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010).

Virtually all statements in a PSI that reflect negatively on the defendant will constitute "testimonial" statements for Confrontation Clause purposes. They are gathered by a state employee, a supervision officer. TEX. CRIM. PROC. CODE ANN. § 42.12(9)(a) (West Supp. 2014). They are for the express purpose of use in a probation or sentencing determination concerning the defendant. TEX. CRIM. PROC. CODE ANN. § 37.07(3)(d) (West Supp. 2014). They are not street-corner "nontestimonial" statements but instead are statements that a reasonable declarant would recognize, or would have been expressly told, were for use in a probation or sentencing decision concerning the defendant. *See, e.g., Davis v. Washington*, 547 U.S. 813, 821–24, 126 S.Ct. 2266, 2273–74, 165 L.Ed.2d 224 (2006).

By statute, a PSI is an ex parte communication providing hearsay evidence to the trial court, denying a defendant the right to confront witnesses against him in open court. *See* TEX. CRIM. PROC. CODE ANN §§ 37.07(3)(d), 42.12(9). The PSI statute not only violates the Confrontation Clause; its ex parte nature undermines our system of public trials. Nothing in our law prevents the State's offering a PSI into evidence through a sponsoring witness. Nothing prevents the State's offering a

7

defendant's criminal history through a sponsoring witness. A jury assessing punishment does not require a PSI. A jury hears witnesses and examines evidence in open court to determine the appropriate sentence.

In a jury trial, a jury must be instructed that they may not consider extraneous offenses or acts of misconduct unless they believe beyond a reasonable doubt that the defendant committed those acts and offenses. *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). The State, then, bears a burden of proof beyond a reasonable doubt when it seeks to prove extraneous offenses at the punishment phase of a jury trial. TEX. CRIM. PROC. CODE ANN. §37.07(3)(a) (West Supp. 2014). The State should not be relieved of its burden of proof merely because the trial judge assesses punishment.

Additionally, the protections of the Confrontation Clause apply to the punishment phase of trial. *Russeau v. State*, 171 S.W.3d 871, 880–81 (Tex. Crim. App. 2005). In addressing reports admitted at the punishment phase, the Texas Court of Criminal Appeals held in *Russeau v. State*,

> The Sixth Amendment's Confrontation Clause provides that,"[i]n all criminal prosecutions, the accused shall enjoy the

right. . .to be confronted with the witnesses against him." This procedural guarantee is applicable in both federal and state prosecutions and bars the admission of testimonial statements of a witness who does not appear at trial unless he is unavailable to testify and the defendant had a prior opportunity to cross-examine him. Generally speaking, a statement is "testimonial" if it is a solemn declaration made for the purpose of establishing some fact.

The reports in question contained testimonial statements which were inadmissible under the Confrontation Clause, because the State did not show that the declarants were unavailable to testify and appellant never had an opportunity to cross-examine any of them. Indeed, the statements in the reports amounted to unsworn, ex parte affidavits of government employees and were the very type of evidence the Clause was intended to prohibit. The trial court erred in admitting those portions of the reports that contained the testimonial statements.

*Id*.

### E.    *Application*

Here, though no witnesses testified at punishment regarding the compilation and contents of the PSI, the PSI compiled by the probation officer was admitted into evidence. (III R.R. St. Ex. 1). The information included in the PSI is clearly testimonial, in that much of it is composed of out-of court statements meant to be used against Mr. Reid at his trial on punishment. *See Davis v. Washington*, 547 U.S. at 821–24,126 S.Ct.at2273–74. Much of the information is detrimental to Mr. Reid. (III R.R. St. Ex. 1). The admission of such testimonial statements violates

9

the Sixth Amendment right possessed by all criminal defendants to confront the witnesses against them. U.S. CONST. AMEND. VI; *Crawford v. Washington*, 541 U.S. at 68, 124 S.Ct. at 1373–74. The trial court erred by admitting the PSI in violation of the Sixth Amendment.

### D.    *Harm Analysis*

*Crawford* error is constitutional error subject to a harm analysis under Rule 44.2(a) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(a); *McNac v. State*, 215 S.W.3d 420, 421 (Tex. Crim. App. 2007). Mr. Reid's sentence must be reversed unless it can be found beyond a reasonable doubt that the error did not contribute to his punishment. *Wall v. State*, 184 S.W.3d 730, 745-46 (Tex. Crim. App. 2006). This Court has established four factors to be considered in analyzing harm from *Crawford* error: (1) the importance of the hearsay statements to the State's case; (2) whether the hearsay evidence was cumulative of other evidence; (3) the presence or absence of evidence corroborating or contradicting the hearsay testimony on material points; (4) the overall strength of the State's case. *Davis v. State*, 203 S.W.3d 845, 852 (Tex. Crim. App. 2006).

The only evidence presented by the state at punishment was the PSI and the testimony of Soren Anderson, a co-defendant on the instant

10

offense. The trial court ultimately denied Mr. Reid's request for probation and sentenced him to prison. Moreover the State emphasized the extraneous acts of misconduct presented in the PSI in its closing argument to the trial court. (II R.R. 35-36).

It is impossible to conclude that the error did not contribute to the conviction or punishment; thus, Mr. Reid was harmed by its admission, and the judgment of the trial court on punishment should have been reversed by the Second Court of Appeals. *See* TEX. R. APP. P. 44.2(a).

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court reverse the opinion of the Second Court of Appeals.

Respectfully submitted,

/s/ Abe Factor
Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117

11

Phone: (817) 222-3333
Fax:  (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Duane Reid

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 2,034.

/s/ Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 30th day of October , 2015.

/s/ Abe Factor
Abe Factor

## **APPENDIX**

1. Opinion of the Second Court of Appeals



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00376-CR

DUANE REID                                                        APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY
TRIAL COURT NO. CR17125

----------

## MEMORANDUM OPINION[1]

----------

Appellant Duane Reid entered an open plea of guilty to the offense of theft in August 2014. He waived a jury and asked the trial court to assess punishment. The trial court ordered a pre-sentence investigation report ("PSI")

---

[1]*See* Tex. R. App. P. 47.4.

and postponed the punishment hearing to September 2014.[2]   The State

introduced the completed PSI, and the trial court admitted it without objection;

one witness for the State also testified.   The trial court sentenced Appellant to

eight years' confinement.   Appellant subsequently filed a motion for new trial,

which was overruled by operation of law.   He did not complain of the PSI in his

motion for new trial.

**Confrontation**

Appellant brings a single point on appeal, arguing that the trial court denied

him his Sixth Amendment right to confrontation when the trial court considered

the PSI at punishment.   But Appellant did not object to the PSI's admission.   To

preserve a complaint for our review, a party must have presented to the trial

court a timely request, objection, or motion that states the specific grounds for

the desired ruling if they are not apparent from the context of the request,

objection, or motion.[3]   Further, the trial court must have ruled on the request,

objection, or motion, either expressly or implicitly, or the complaining party must

have objected to the trial court's refusal to rule.[4]   A reviewing court should not

---

[2]*See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (West Supp. 2014) (discussing the PSI requirements).

[3]Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd).

[4]Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263.

address the merits of an issue that has not been preserved for appeal.[5]  The Sixth Amendment right to confrontation, among other constitutional rights, may be forfeited by the failure to object.[6]  Because Appellant did not object or otherwise complain in the trial court of the admission of the PSI or of the trial court's considering the PSI in assessing punishment, he has not preserved this complaint for review.

We overrule Appellant's sole point and affirm the trial court's judgment.


/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 24, 2015

---

[5]*Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

[6]*See Reyes v. State*, 361 S.W.3d 222, 229 (Tex. App.—Fort Worth 2012, pet. ref'd).

3