

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00261-CR

LENA J. DAVIS                                                                        APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1304621D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Lena J. Davis appeals her conviction for possession of a controlled substance (Gamma Hydroxybutyric Acid) of four grams or more but less than 200 grams. Tex. Health & Safety Code Ann. §§ 481.102(9), 481.115(d) (West 2010). In one point, she asserts that the trial court violated her right to confront witnesses when it considered the presentence investigation report (PSI) at punishment. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background**

Appellant entered an open plea of guilty to the charged offense on March 24, 2014, after which the trial court continued the proceedings until July 1, 2014, pending the preparation of a PSI. At the July 1, 2014 hearing, the trial court admitted the PSI without any objection from defense counsel. The trial court stated on the record that it had considered the evidence alluded to in the PSI, denied Appellant's application for community supervision, and sentenced her to two years' incarceration.

**Argument and Discussion**

In one point, Appellant contends that her right to confront adverse witnesses was violated when the trial court considered the PSI at punishment. Appellant acknowledges that her complaint was not preserved at trial; however, citing *Ex parte Hathorn*, 296 S.W.3d 570, 572 (Tex. Crim. App. 2009); *Black v. State*, 816 S.W.2d 350, 364 (Tex. Crim. App. 1991); *Ex parte Turner*, 542 S.W.2d 187, 189 (Tex. Crim. App. 1976); and *Ex parte Casarez*, 508 S.W.2d 620, 622 (Tex. Crim. App. 1974) (op. on reh'g), she contends her claim should not be considered forfeited because, based upon the law existing at the time of her trial, the trial court would have overruled any objection anyway. We disagree. All four cases involved instances where after the trial, the law changed. *Hathorn*, 296 S.W.3d at 572 (holding that defendant, who was tried in 1985, could not be faulted for not objecting because the law changed four years later in 1989 with the decision in *Penry v. Lynaugh*, 492 U.S. 302, 109 S. Ct. 2934 (1989)); *Black*,

2

816 S.W.2d at 364 (holding that defendant, who was tried in 1986, could not be faulted for not objecting because the law changed three years later in 1989 with the decision in *Penry*); *Turner*, 542 S.W.2d at 189 (holding error not forfeited where law changed two years after trial); *Casarez*, 508 S.W.2d at 622 (holding error not forfeited where law changed five years after trial).  Appellant is not arguing that the law changed.  Appellant is trying to use her case to change the law.  Appellant's reliance on these cases is, therefore, misplaced.

The right of confrontation is a forfeitable right.  *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd); *see Fisher v. State*, No. 02-04-00434-CR, 2005 WL 994740, at *1 (Tex. App.—Fort Worth Apr. 28, 2005, no pet.) (mem. op., not designated for publication).  Because Appellant failed to object to the trial court's consideration of the PSI, she has forfeited her complaint on appeal.

## Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

3

DELIVERED:  February 4, 2016